IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-10342 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) Ref. Docket Nos. 9 and 66 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)(A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE COMPENSATION AND BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, hereby files this objection (this "Objection") to the *Motion of the Debtors for Entry of Interim and Final Orders (I) (A) Authorizing the Debtors to Pay Certain Prepetition and (III) Granting Related Relief* [Docket No. 93] (the "Wage Motion")[2] and respectfully states as follows:

**BACKGROUND**

1. On March 2, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the above-captioned cases (the "Chapter 11 Cases")". The Debtors are authorized to continue operating

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Wage Motion.

4902-4291-4353.4 06063.00002

their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

2.     On March 4, 2025, the Court entered the *Interim Order (I)(A) Authorizing the Debtors to Pay Certain Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Compensation and Benefits Programs, and (II) Granting Related Relief* [Docket No. 66] (the "Interim Order").

3.     On March 14, 2025, the Office of the United States Trustee for Region 3 appointed the Committee, consisting of: (i) Barker Contracting, Inc.; (ii) Southworth-Milton Inc. d/b/a Milton-Cat International Corp.; (iii) Thomas Scientific Inc.; (iv) Shiraz Partners LP; (v) DBCI, Inc.; (vi) Controlled Contamination Services, LLC; and (vii) NESPA, Inc.

4.     After their appointment, counsel to the Committee contacted the Debtors with certain questions and comments related to the Wage Motion. In partial response, the Debtors provided the Committee with a proposed final order approving the Wage Motion (the "Proposed Final Order").

**OBJECTION**

5.     The Committee generally supports the Debtors' efforts to provide wages and benefits to their Employees to maintain the value of the existing businesses. However, the Committee objects to certain amounts the Debtors seek to pay through the Proposed Final Order. Unlike the $2.2 million in compensation and benefit payments approved through the Interim Order, these additional requested payment amounts appear to be neither potential priority claims or claims paid to avoid immediate and irreparable harm to the estate. Specifically, through Proposed Final

Order, the Debtors are seeking to pay these additional **$2.1 million** in compensation and benefits (the "Additional Payments"):

- **$515,000** to 31 senior Employees for Performance Bonuses earned during 2024 and due to be paid in March 2025;

- **$378,000** to 17 senior Employees for Retention Bonuses due to be paid in June 2025;

- Approximately **$848,000** to 88 Employees for Non-Insider Employee Severance Benefits that presumably will become due upon termination of the Employees; and

- Supplementing the $900,000 previously approved by the Court through the Interim Order, an additional **$400,000** to staffing agencies who supplied Independent Contractors to the Debtors prior to the Petition Date.

6. The Debtors Wage Motion provides little, if any, support for the additional compensation and benefit payments requested by the Proposed Final Order. Based upon information provided by the Debtors to date, the Committee believes that the Additional Payments represent either (a) the accelerated approval and payment of unsecured claims to certain Employees (in advance of payment of all other unsecured claim in these cases, and in an amount that likely exceeds the final liquidated value of these other unsecured claims) or (b) in the case of severance, the pre-approval of potential administrative claims that may come due to employees after termination. The Debtors have not provided the Committee or Court any evidence of potential harm to the estate if the Additional Payments are not paid through the Wage Motion. Specifically, the Debtors have not provided evidence of why it is necessary to make the Additional Payments to a small fraction of Employees to guarantee the success of these Chapter 11 Cases. Unless and until such information is provided, the Committee cannot support the additional relief requested in the Proposed Final Order.

## RESERVATION OF RIGHTS

7. The Committee expressly reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Objection, to raise other and further objections to the Wage Motion, and to introduce evidence prior to or at any hearing regarding the Wage Motion in the event that the Committee's objections are not resolved prior to such hearing.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Committee respectfully requests that the Court deny the final approval of the Wage Motion absent the Debtors providing support for the relief requested.

Dated: April 7, 2025    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (*pro hac vice* pending)
Colin R. Robinson (DE Bar No. 5524)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           crobinson@pszjlaw.com
           ecorma@pszjlaw.com

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*