**EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I.: 45** |

**FIRST OMNIBUS ORDER (I) AUTHORIZING THE
DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES AND
(B) ABANDON ANY REMAINING PROPERTY LOCATED AT PREMISES
OF REJECTED LEASES AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing the Debtors to (a) reject the Leases listed on **Schedule 1** annexed to this Order as of the date specified and (b) abandon any remaining property located at the Premises of the Leases, and (iii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 365 and 105 of the Bankruptcy Code, the Debtors' rejection of the Rejected Leases listed on **Schedule 1**, attached hereto, is hereby approved.

3. The Debtors' rejection of the Leases complies with the requirements of Bankruptcy Rule 6006(f).

4. Any claims based on the rejection of the Leases shall be filed by (i) the date that is thirty (30) days after entry of this Order; or (ii) any other date that the Court may fix as the rejection damages claims bar date.

5. The Debtors are authorized to abandon any remaining Personal Property located at the Premises of Leases, free and clear of all liens, claims, encumbrances and interests. The landlords under the Leases shall be and hereby are permitted to dispose of, retain, use, or sell any remaining Personal Property abandoned at the Premises, in their sole discretion and without further notice from this Court and without further notice or liability to the Debtors or any third party for such disposal and without waiver of any claim such landlord may have against the Debtors for the disposal of any remaining Personal Property.

6. The automatic stay shall be deemed modified solely to the extent necessary to (a) allow for the utilization or disposition contemplated under paragraph 5 of this Order, and (b) otherwise facilitate the removal of certain equipment designated by the Debtors and located on the Premises of Rejected Leases. Except for the limited purpose set forth in, and subject to the terms of, the foregoing sentence, the automatic stay shall remain in full force and effect.

7. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall: (a) be deemed or construed as an admission as to the amount of, basis for, of validity or priority of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors on any grounds whatsoever; (c) impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action which may exist against any third party; (d) other than as set forth herein and on **Schedule 1** attached hereto, be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; (e) be deemed or construed as a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (g) other than as set forth herein, a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent,

validity, or perfection or seek avoidance of all such liens; and (i) otherwise create any rights in favor of, or enhance the status or nature of any claim held by, any person. The Debtors reserve the right to assume, assign, or reject other executory contracts or unexpired leases and to abandon other property of the estate, and nothing herein shall be deemed to affect those rights.

8. The Debtors reserve all rights to seek entry of a supplemental order to reject any or all of the Rejected Leases included on <u>Schedule 1</u> to the Motion but not included on **Schedule 1** attached hereto.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

10. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

12. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

| Counterparty Name | Counterparty Address | Additional Notice Parties | Debtor Counterparty | Contract Description | Lease Location | Rejection Date |
|---|---|---|---|---|---|---|
| Howard One Grant LLC | 40 Mechanic Street, Suite 220, Marlborough, MA 01752 | n/a | Azzur Labs - Boston LLC | Lease Agreement | 1 Grant Street, Suite 280, Framingham, MA 01702 | March 3, 2025 |
| Orchard Commercial Center LLC | 1520 Artaius Parkway, Unit 970, Libertyville, IL 60048 | n/a | Azzur Labs - Chicago LLC | Lease Agreement | 915 East Orchard Street, Mundelein, IL 60060 | March 3, 2025 |
| Morgan Alton, Ltd. | 15375 Barranca Parkway, Suite K-102, Irvine, CA 92618 | Attn: Officer, Director or Legal Dept, 820 Los Vallecitos Blvd., Suite K, San Marcos, CA 92609 | Azzur Labs, LLC | Lease Agreement | 5939 Darwin Court, Suite 100 & 101, Carlsbad, CA 92008 | March 3, 2025 |
| 7929 Brookriver, LP | P.O. Box 631191, Irving, TX, 75063 | 7929 Bookriver, LP, Attn: Officer, Director or Legal Dept, 7929 Brookriver Drive Suite 300, Dallas, TX, 75247 | Azzur Labs - Dallas LLC | Lease Agreement | 7929 Brookriver Drive, Suite 300, Dallas, TX 75247 | March 3, 2025 |
| Market Place Business Center LLC (successor in interest to The Irvine Company, LLC) | 550 Newport Center Drive, Newport Beach, CA 92660, Attn: Senior Vice President, Property Operations, Irvine Office Properties | 550 Newport Center Drive, Newport Beach, CA 92660, Attn: Vice President Operations, Irvine Office Properties, Technology Portfolio | Azzur of CA, LLC | Lease Agreement | 3200 El Camino Real, Suite 230, Irvine, CA 92602 | March 3, 2025 |