# **EXHIBIT A**

**DS and Solicitation Objection Chart**

*In re Azzur Group Holdings LLC, et al.*

Summary of Disclosure Statement Objections[1]

| Topic | Basis of Objection | Debtors' Response or Proposed Resolution |
|---|---|---|
| **U.S. Trustee Objection** | | |
| *Adequate Information* | • The Plan does not include a liquidation analysis. | • The Debtors will include a liquidation analysis as part of the Plan Supplement. To prevent material prejudice to the ongoing marketing and sale process for assets that are subject to liquidation bids, the Debtors will file the liquidation analysis after the April 14, 2025 bid deadline but at least seven days before the voting deadline. *See* Combined Disclosure Statement and Plan § 5.8. |
| | • The Combined Disclosure Statement and Plan do not contain projections regarding claim amounts / recoveries in Classes 1-4. | • The Debtors have included estimates for allowed claims and projected recoveries for each Class. *See* Combined Disclosure Statement and Plan § 3.1. |
| | • The Combined Disclosure Statement and Plan do not provide descriptions of assets on a Debtor-by-Debtor basis. | • The Disclosure Statement incorporates the Debtors' Schedules of Assets and Liabilities, which provide a description of assets on a Debtor-by-Debtor basis. *See* Combined Disclosure Statement and Plan § 4.3(e)(i). |
| *Consensual Release Procedures* | • The ballots do not adequately describe the opt-in mechanism. | • The Debtors have revised the proposed form of ballots and Combined Disclosure Statement and Plan to resolve this issue. *See* Interim Approval and Procedures Order, Exhibits 5A-5B. |

---

[1] Capitalized terms used but not defined herein will have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement, relevant Objection, or the Reply, as applicable.

1

| | | |
|---|---|---|
| | - The Combined Disclosure Statement and Plan include references to an opt-out procedure. | - The Debtors have clarified the procedures in the Combined Disclosure Statement and Plan to resolve this issue. *See* Combined Disclosure Statement and Plan §§ 4.3(h), 7.2, 8.8. |
| | - The ballots do not clearly state that the Debtors intend that those who vote for the Plan will grant the Third-Party Release. | - The Debtors have modified the ballots to include an opt-out mechanism for parties voting to accept the Plan. *See* Interim Approval and Procedures Order, Exhibits 5A-5B. |
| | - Fed. R. Bankr. P. 9019 should not apply to support releases. | - The Third-Party Release is entirely consensual under the Plan. The Debtor Release is a permissible settlement under section 1123(b) of the Bankruptcy Code. In any event, the Debtors submit that this is an issue for confirmation. |
| | - For the Debtor Release, the Combined Disclosure Statement and Plan do not make adequate disclosures with respect to the claims being released, consideration for the release, and why M&T will receive a release. | - The Debtors have included additional disclosures in Article IV of the Combined Disclosure Statement and Plan. The Debtors also address this point in the Reply. |
| | - The Combined Disclosure Statement and Plan do not contain descriptions of potential claims that may be released. | - The Debtors have included additional disclosures in Article IV of the Combined Disclosure Statement and Plan. In addition, the Disclosure Statement incorporates the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs, which includes disclosures in respect to potential preference claims. *See* Combined Disclosure Statement and Plan § 4.3(e)(i). These documents contain full disclosures with respect to any potential claims that may be |

2

| | | |
|---|---|---|
| | | released. The Debtors also address this point in the Reply. |
| **Committee Objection**[2] | | |
| *Adequate Information* | • The Combined Disclosure Statement and Plan does not identify unencumbered assets. | • The Debtors do not believe there are any material unencumbered assets that could generate recoveries for unsecured creditors. This disclosure has been added to the Disclosure Statement. *See* Combined Disclosure Statement and Plan § 4.3(e)(i). |
| | • The Combined Disclosure Statement and Plan do not sufficiently address risk factors, including risks with respect to feasibility, the parallel sale, post-confirmation funding of the liquidation of remaining assets. | • The Debtors have added additional risk factors to the Disclosure Statement. *See* Combined Disclosure Statement and Plan Art. VI, VII. |
| *Patently Unconfirmable* | • The Plan improperly classifies M&T and unfairly discriminates against the general unsecured creditors. | • The Debtors have added clarifying language in the Combined Disclosure Statement and Plan that M&T's secured claim is classified in Class 3 and its deficiency claim is classified in Class 4. *See* Combined Disclosure Statement and Plan §§ 3.1, 3.3. |
| | • The Plan must be shown to be feasible. | • The Plan is a pure liquidating chapter 11 plan. It facilitates the distribution of estate assets and wind-down of the Debtors' remaining estate(s). There is an adequate budget to accomplish these wind-down activities. In any event, the Debtors submit that this is an issue for confirmation. |

---

[2] For brevity and to avoid duplication, the Debtors did not repeat objections that were the same or substantially similar to the U.S. Trustee's objections.

|  |  |  |
|---|---|---|
|  | - The Plan violates the best-interest-of-creditors test. | - The Plan is a pure liquidating chapter 11 plan. A hypothetical chapter 7 liquidation necessarily will involve more time and expense, which will prejudice creditor recoveries. The Liquidation Analysis will be filed as part of the Plan Supplement. In any event, the Debtors submit that this is an issue for confirmation. |
|  | - The Plan improperly discharges liquidating Debtors in violation of section 1141 of the Bankruptcy Code. | - This is incorrect. In any event, the Debtors have clarified the Plan to resolve the issue. *See* Combined Disclosure Statement and Plan Art. VIII. |
|  | - General Unsecured Creditors will not receive a recovery under the Plan. | - This is incorrect. General Unsecured Creditors will receive distributable proceeds, if any, that waterfall to Class 4 in accordance with the Bankruptcy Code's relative priority scheme. In addition, General Unsecured Creditors have the option to "opt-in" to a mutual release with the Estate, achieving a measure of finality and closure including in relation to any potential preference litigation or other estate claims and causes of action that are not Retained Causes of Action. |
| *Other Issues* | - The proposed confirmation timeline is insufficient. | - The Debtors have proposed a confirmation schedule that comports with the Local Bankruptcy Rules and Bankruptcy Rules, as applicable. *See* Interim Approval and Procedures Order ¶ 3. |
|  | - Because the General Bar Date is beyond the Voting Record Date, the Interim Approval and Procedures Order should provide that the Debtors will serve by email and overnight mail appliable solicitation notices upon creditors filing a | - The Debtors have proposed a voting deadline that is after the general bar date. *See* Interim Approval and Procedures Order ¶ 3. |

4

|  |  |  |
|---|---|---|
|  | proof of claim after the Voting Record Date and prior to the Voting Deadline. |  |
|  | • If the Court approves the Combined Disclosure Statement and Plan, the Committee should be able to include a separate letter in the solicitation package expressing the Committee's view regarding the Combined Disclosure Statement and Plan. | • The Debtors do not object to inclusion of such letter, provided that the Debtors have an opportunity to review any such letter beforehand. |
|  | • The Debtors should provide notice to the Committee of nonmaterial changes to the Tabulation Procedures. | • The voting report will disclose any nonmaterial modifications to the Tabulation Procedures. |
|  | • The Class 4 ballots should include a chart of all Debtors, and the voting creditor should check the applicable Debtor. | • The Debtors will provide customized ballots to General Unsecured Creditors entitled to vote on the Plan. |

5