## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | Case No. 25-10342 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.: 85, 86, 386, 388** |

**ORDER (I) APPROVING THE DEBTORS' COMBINED DISCLOSURE STATEMENT
AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT
AND PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION
PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING
A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF
DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Interim Approval and Procedures Order," or, as used herein, this "Order"):  (a) approving the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes only; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as set forth in **Exhibit 1** to this Order; (c) approving the form of Ballots and Solicitation Packages; (d) establishing the voting record date as **April 13, 2025** (the "Voting Record Date"); (e) scheduling a Combined Hearing; and (f) granting related relief, pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3016, 3017, 3018, 3020, and 9006, and Local Rule 3017-2; and this Court having jurisdiction over

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being good and sufficient notice thereof; and upon consideration of the Motion, the First Day Declaration, the record of these chapter 11 cases, the Combined Disclosure Statement and Plan, and any hearing on the Motion; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.    Pursuant to the Combined Disclosure Statement and Plan, the following chart sets forth the classes of Claims, their Impairment status and their right to vote:

| CLASS | DESIGNATION | IMPAIRMENT | VOTING RIGHTS |
|-------|-------------|------------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote / Deemed to Accept |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote / Deemed to Accept |
| Class 3 | M&T Secured Claims | Impaired | Entitled to Vote |
| Class 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 5 | Intercompany Claims & Interests | Unimpaired / Impaired | Not Entitled to Vote |
| Class 6A | Azzur Group Holdings Interests | Impaired | Not Entitled to Vote / Deemed to Reject |
| Class 6B | Section 510(b) Claims | Impaired | Not Entitled to Vote / Deemed to Reject |

B.      The form of Ballots attached hereto as **Exhibits 5-A and 5-B** (i) is consistent with Official Form No. 314; (ii) adequately addresses the particular needs of these chapter 11 cases; (iii) is appropriate for the Voting Classes; and (iv) complies with Bankruptcy Rule 3017(d).

C.      Ballots need not be provided to holders of Claims and interests in the Non-Voting Classes, including holders of Claims and interests that are either (i) Unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and are thus conclusively presumed to have rejected the Combined Disclosure Statement and Plan in accordance with section 1126(g) of the Bankruptcy Code.

D.      The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Claimholders in the Voting Classes to make informed decisions regarding whether to accept or reject the Combined Disclosure Statement and Plan, to opt-out of, or opt-in to, third-party releases, and submit their Ballots in a timely fashion.

E.      The Tabulation Procedures governing the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as set forth on **Exhibit 1** attached hereto and approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The contents of the Solicitation Package and the procedures for providing notice of the Combined Hearing and the other matters set forth in the Combined Hearing Notice comply with Bankruptcy Rules 2002 and 3017, and Local Rule 3017-2, and, under the circumstances,

constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under section 1125 of the Bankruptcy Code, Bankruptcy Rules 2002(b) and 3017, and Local Rule 3017-2.  Any objections to the adequacy of information contained in the Combined Disclosure Statement and Plan on a final basis are expressly reserved for consideration at the Combined Hearing.

3.      The schedule set forth below relating to approval and confirmation of the Combined Disclosure Statement and Plan is hereby approved in its entirety, and the Court hereby finds the following schedule is appropriate under circumstances of these chapter 11 cases and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules:

| DEADLINE / HEARING | DATE |
|---|---|
| Voting Record Date | April 13, 2025 |
| Date Solicitation Will Commence | April 14, 2025 |
| Deadline to File Claims Objections | April 23, 2025 |
| Deadline to File Plan Supplement | April 28, 2025 |
| Deadline to File Rule 3018 Motions | May 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | May 12, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | May 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | May 14, 2025 at 4:00 p.m. (ET) |
| Combined Hearing | May 19, 2025 at 10:00 a.m. (ET) |

4.      The Combined Hearing is hereby scheduled for **May 19, 2025 at 10:00 a.m. (ET)**. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with this Court.

5.      Objections to confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the information contained therein shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Court and served upon the parties registered to receive notice through the Bankruptcy Court's ECF noticing system, in each case, by no later than **May 14, 2025 at 4:00 p.m. (ET).  Unless an objection is timely filed and served, it may not be considered by this Court at the Combined Hearing**.  The Debtors shall file any memorandum of law in support of the adequacy of the information contained in, and Confirmation of, the Combined Disclosure Statement and Plan, including a reply to any objections to the Combined Disclosure Statement and Plan, and any party supporting Confirmation of the Combined Disclosure Statement and Plan shall file any response in support no later than two business days prior to the Combined Hearing.

6.      The Tabulation Procedures set forth in **Exhibit 1** attached hereto are hereby approved.

7.      The Combined Hearing Notice, the Notice of Unimpaired Non-Voting Status, the Notice of Impaired Non-Voting Status and the Publication Notice, substantially in the forms attached hereto as **Exhibits 2, 3A, 3B and 4**, are approved in all respects.

8.      The Ballots, substantially in the forms attached hereto as **Exhibits 5-A** and **5-B** are approved in all respects.

9.     The Plan Summary, substantially in the form attached hereto as **Exhibit 6**, is approved in all respects.

10.     The Debtors shall serve the Combined Hearing Notice on (i) the U.S. Trustee, (ii) all entities that are party to executory contracts and unexpired leases with the Debtors, (iii) all entities that are party to litigation or threatened litigation, if any, with the Debtors, (iv) all current and former employees, directors and officers (to the extent that contact information for former employees, directors and officers is available in the Debtors' records), (v) all regulatory authorities that regulate the Debtors' businesses, (vi) the Office of the Attorney General for the State of Delaware, (vii) counsel to the DIP Lender and Pre-Petition Lender, (viii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (ix) the Internal Revenue Service and any other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, and (x) all parties who filed a request for service of notices under Bankruptcy Rule 2002.  The Debtors shall use best efforts to serve or caused to be served a copy of the Combined Hearing Notice upon such parties no later than two Business Days after the entry of this Order.

11.     The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4,** in one of the *Wall Street Journal, The New York Times, USA Today*, or another national newspaper of like circulation, no later than five (5) business days after entry of this Order or as soon thereafter as practicable.

12.     Solicitation will commence on **April 14, 2025**, whereby the Solicitation Packages, containing the following materials, shall be emailed, where possible, or mailed by the Voting Agent to all Claimholders in the Voting Classes: (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan; (c) a copy of the Interim Approval and Procedures Order (without **Exhibits 2** through **6**); and (d) an appropriate Ballot.

13.     The Debtors shall not be required to transmit Solicitation Packages to Holders of Claims in Classes 1, 2, 5, 6A, and 6B (collectively, the "Non-Voting Classes") under the Combined Disclosure Statement and Plan.  Instead, the Debtors shall cause to be emailed, to the extent possible, or mailed to Holders of Claims and Interests in the Non-Voting Classes a copy of the Notice of Unimpaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 3A**, or a copy of the Notice of Impaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 3B**, as applicable, a Combined Hearing Notice and a copy of the Plan Summary of the Combined Disclosure Statement and Plan substantially in the form attached hereto as **Exhibit 6**.

14.     Ballots must be received by the Voting Agent on or before **May 14, 2025 at 4:00 p.m. (ET)** (the "Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtors in their discretion in writing, even if the voting period has previously elapsed.

15.     The Debtors are authorized to file a Voting Report on or before **May 15, 2025.**

16.     The Debtors are authorized to file objections to Claims on or before **April 23, 2025**.

17.     If any Holder of a Claim seeks allowance of its Claim for voting purposes or to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder of a Claim must file a motion, pursuant to Bankruptcy Rule 3018, for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases so that it is received no later than **4:00 p.m. (ET) on May 7, 2025 at 4:00 p.m. (ET)**.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have (a) until **May 12, 2025 at 4:00 p.m. (ET)** to file and

serve any objections to such Rule 3018 Motions and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

18.    Pursuant to Bankruptcy Rule 3017(d), **April 13, 2025**, shall be the Voting Record Date for purposes of determining the Holders of Claims entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan (the "<u>Voting Record Date</u>").[3]

19.    With respect to any party (i) that files a proof of claim on or before April 30, 2025 at 5:00 p.m. (ET) *and* (ii) was not a recipient of a Solicitation Package, the Debtors shall provide a Solicitation Package to such party via email and/or overnight mail within one day of the filing of such proof of claim.

20.    With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period), or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

21.    The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of this Court prior to its

---

[3] For the avoidance of doubt, the Voting Record Date is established for voting purposes only and shall not affect who is entitled to receive distributions under the Combined Disclosure Statement and Plan.

dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Combined Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

22.    In accordance with Local Rule 3017-2, objections not made at the time of the hearing on the Motion to the approval of (a) the voting procedures to be utilized, (b) the form of notice to be provided to creditors and interest holders of the Debtors, and (c) the form of ballot which will be provided to creditors and interest holders entitled to vote on the Combined Disclosure Statement and Plan, shall not be considered at the time of the Combined Hearing.

23.    This Order shall be immediately effective and enforceable upon its entry.

24.    The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

25.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

## EXHIBIT 1

### Tabulation Procedures

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | Case No. 25-10342 (KBO) |
| Debtors. | (Jointly Administered) |

### TABULATION PROCEDURES[2]

A.      Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the non-contingent, liquidated, undisputed amount of such Claim as set forth in the Debtors' Schedules if no Proof of Claim has been timely filed in respect of such Claim as of the Voting Record Date or (ii) if a Proof of Claim has been timely filed as of the Voting Record Date in respect of such Claim, the amount set forth in such Proof of Claim.

B.      Duplicate Claims, whether against a single Debtor or more than one Debtor, within the same Voting Class will be entitled to one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

C.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. The Voting Agent shall also track the Claims voted in favor of or against the Combined Disclosure Statement and Plan on a consolidated basis as to all Debtors.

D.      Under the Combined Disclosure Statement and Plan, only Holders of Allowed Claims in Voting Classes are entitled to vote on the Combined Disclosure Statement and Plan.

E.      If a Claim has been paid pursuant to a Court Order or is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if (a) the applicable bar date has not yet passed, or (b) such Claim is the subject of an objection, such Claim shall be entitled to vote in the amount of $1.00.

F.      If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, contingent or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and such claim has not

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Interim Approval and Procedures Order.

been allowed or objected to, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, irrespective of how such Claim may or may not be set forth on the Schedules.

G.      Proofs of Claim filed for $0.00 are not entitled to vote.

H.      If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed, and is not subject to a pending objection or adversary proceeding, is marked or otherwise referenced on its face as partially contingent, partially unliquidated and/or partially disputed, such Claim shall be temporarily allowed solely for voting purposes in the non-contingent, liquidated, and undisputed amount, irrespective of how such Claim may or may not be set forth on the Schedules.

I.      The Debtors are authorized to enter into stipulations with any Holder of a Claim agreeing to the amount of a Claim for voting purposes.

J.      If the Debtors or another party in interest has served an objection to a Claim, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

K.      If a Holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures or as set forth on the Debtors' schedules and statements of financial affairs, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

L.      If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Bankruptcy Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

M.      Except as otherwise ordered by the Bankruptcy Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion).

N.      Any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted.

O.      Any Ballot that is returned indicating acceptance or rejection of the Combined Disclosure Statement and Plan but is unsigned will not be counted.

P.      Whenever a Holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

Q.      If a Holder of a Claim casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

R.      Each Holder of a Claim will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

S.      Holders of Claims may not split their vote within a Class; thus, each Holder of a Claim will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan.

T.      Ballots partially rejecting and partially accepting the Combined Disclosure Statement and Plan will not be counted.

U.      Any Ballot received that is illegible or otherwise incomplete will not be counted.

V.      The method of delivery of Ballots to the Voting Agent is at the risk of each Holder of a Claim, and such delivery will be deemed made only when the original Ballot is actually received by the Voting Agent.

W.      The Debtors expressly reserve the right to amend the terms of the Combined Disclosure Statement and Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Combined Disclosure Statement and Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by the Combined Disclosure Statement and Plan, applicable law, or further order of the Bankruptcy Court.

X.      If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Holder of a Claim, such person will be required to indicate such capacity when signing and, at the Voting Agent's discretion, must submit proper evidence satisfactory to the Voting Agent to so act on behalf of the Holder of the Claim.

Y.      Any Holder of a Claim who has delivered a valid Ballot voting on the Combined Disclosure Statement and Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a). After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.

Z.      Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

AA.     Neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

BB.     The Voting Agent will date stamp or electronically record date of receipt all Ballots when received. The Voting Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court.

CC.     An original properly completed and executed Ballot is required to be submitted by the Entity submitting such Ballot.  Delivery of a Ballot to the Voting Agent by any electronic means other than through the online balloting portal maintained by the Voting Agent will not be valid (*e.g.*, facsimile and email are not valid means of delivery).

DD.     No completed Ballot should be sent to any party other than the Debtors' Voting Agent.  If a Ballot is sent to any other party, it will not be counted.

EE.    In the event a designation is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Combined Disclosure Statement and Plan cast with respect to such Claim will be counted for purposes of determining whether the Combined Disclosure Statement and Plan has been accepted and/or rejected.

FF.    If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Bankruptcy Court, such Claim shall be provisionally allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only and not for purposes of allowance or distribution; provided, however, that if a Claim has been estimated by the Bankruptcy Court for purposes of allowance and distribution pursuant to section 502(c) of the Bankruptcy Code, such allowance shall be for both voting and distribution purposes.

GG.    If a Class of Claims is eligible to vote and no Claimholders eligible to vote in such Class vote to accept or reject the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall be deemed accepted by such Class.

HH.    Any Class of Claims or Interests that does not contain, as of the date of the commencement of the Combined Hearing, at least one Allowed Claim or Allowed Interest, as applicable, or at least one Claim or Interest, as applicable, that is provisionally Allowed under Bankruptcy Rule 3018, such Class of Claims or Interests, as applicable, shall be deemed eliminated from the Combined Disclosure Statement and Plan for all purposes, including for purposes of (i) voting on the acceptance or rejection of the Combined Disclosure Statement and Plan and (ii) determining acceptance or rejection of the Combined Disclosure Statement and Plan by such Class under sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code.

II.    To the extent necessary, the Debtors may modify, in any non-material manner, these Tabulation Procedures without further Bankruptcy Court order.

**<u>EXHIBIT 2</u>**

**Combined Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | Case No. 25-10342 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Related D.I. Nos. 85, 86, 386** |

**NOTICE OF (I) APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) HEARING TO CONSIDER (A) FINAL APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN AND (B) CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN; (III) DEADLINE FOR VOTING ON COMBINED DISCLOSURE STATEMENT AND PLAN; AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN**

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan").

The Combined Disclosure Statement and Plan explains the Debtors' plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [D.I. [•]] (the "Interim Approval Order") for use by the Debtors in soliciting acceptances or rejections to the Combined Disclosure Statement and Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement and Plan. Copies of the Interim Approval Order and the Combined Disclosure Statement and Plan can be obtained free of charge at the website maintained by Stretto, inc. (the "Voting Agent") at https://stretto.com/Azzur; or by contacting the Voting Agent via email at TeamAzzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.

**Summary of Key Dates**: A table summarizing the key dates is included below for ease of reference:

| DEADLINE / HEARING | DATE |
|---|---|
| Voting Record Date | April 13, 2025 |

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

| | |
|---|---|
| Date Solicitation Will Commence | April 14, 2025 |
| Deadline to File Claims Objections | April 23, 2025 |
| Deadline to File Plan Supplement | April 28, 2025 |
| Deadline to File Rule 3018 Motions | May 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | May 12, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | May 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | May 14, 2025 at 4:00 p.m. (ET) |
| Combined Hearing | May 19, 2025 at 10:00 a.m. (ET) |

**Voting On The Plan:**  Holders of Claims in Classes 3, and 4 (the "Voting Classes") are entitled to vote to accept or reject the Plan as they are impaired and may receive distributions under the Plan; holders of Claims in Classes 1 and 2 are Unimpaired and presumed to accept the Plan; holders of Claims and Interests in Classes 5, 6A, and 6B are Impaired and deemed to reject the Plan as they are receiving nothing under the Plan.  If you are a holder of a Claim against the Debtors as of **April 13, 2025** (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Plan must be received is **May 14, 2025 at 4:00 p.m. (ET) (the "Voting Deadline").  If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is actually received by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors, for your vote to be counted.**

- Your Ballot must be returned by (a) first-class mail (using the reply envelope provided or otherwise as set forth below), (b) overnight courier, or (c) personal delivery at the following address:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

- In addition, Ballots will be accepted if properly completed through the online balloting portal maintained by the Voting Agent. **Holders of Claims in Voting Classes may submit an electronic** Ballot at https://forms.stretto.com.  Instructions for electronic, online transmission of Ballots will be set forth on such website. **Ballots will not be accepted by email, telecopy, or facsimile.** If your Ballot is not received by the Voting Agent on or

before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.

**Combined Hearing and Filing Objections to the Combined Disclosure Statement and Plan.** A hearing to consider final approval of the adequacy of information contained in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code will be held on **May 19, 2025 at 10:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the Court, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 (the "Combined Hearing"), but may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing or other notice filed with the Bankruptcy Court.

The deadline to (i) file objections to final approval of the Combined Disclosure Statement and Plan and (ii) elect to opt-out of, or opt-in to, the releases contained in Section 8.4 of the Combined Disclosure Statement and Plan is **May 14, 2025 at 4:00 p.m. (ET)**.  Any objection must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Bankruptcy Court and served upon the parties registered to receive notice through the Bankruptcy Court's ECF noticing system, in each case. **Unless an objection is timely filed and served, it may not be considered by the Bankruptcy Court at the Combined Hearing.**

**Important Information Regarding Releases**:

**If you are entitled to submit a Ballot and you vote to "ACCEPT" (or vote in favor of) the Combined Disclosure Statement and Plan, you will have consented to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law unless you mark the appropriate box on your Ballot to opt-out of the Third-Party Release. If you (i) vote to reject the Combined Disclosure Statement and Plan or (ii) if you are entitled to vote and did not vote either to accept or reject the Combined Disclosure Statement and Plan, then you may elect to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan by marking the appropriate box on your Ballot.**

**If your claim is in a Class that is not entitled to vote on the Combined Disclosure Statement and Plan, but you would like to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, you may contact the Voting Agent via email at TeamAzzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 (or, if calling from outside the United States or Canada, at (949) 202-5650) to indicate that you wish to opt-in.**

**Third-Party Release (Section 8.4): Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release,**

waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released; *provided further*, *however*, that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is:  (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.

<u>Releases by the Debtors (Section 8.3)</u>: Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Debtors and the Wind-Down Debtor, on their own behalf and as a representative of the Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or

4

unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released.

**No Liability Pursuant to Section 1125(e) of the Bankruptcy Code (Section 8.6): Without in any way limiting the releases and exculpation set forth in Sections 8.3, 8.4, or 8.5 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan.**

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such: (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt-out box on the ballot, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided*, *however*, that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**"Released Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided*, that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

**"Related Parties"** shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**"1125(e) Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; and (b) with respect to each of the foregoing Entities in clause (a), the Related Parties of such Entities.

**Challenging Your Claim for Voting Purposes Only**.  If you wish to challenge the Debtors' classification or amount of your claim, you must file a motion (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and serve such motion on the Debtors so that it is received by **May 7, 2025 at 4:00 p.m. (ET)**. Such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to or at the Combined Hearing (as defined below).

**Important Information Regarding Release and Injunction Provisions**:  If the Court confirms the Combined Disclosure Statement and Plan and it becomes effective, the releases and injunctions contained in Article VIII of the Combined Disclosure Statement and Plan will be effective and you will be bound by these provisions even if you did not vote to accept the Plan.  Article VIII of the Combined Disclosure Statement and Plan contains the following exculpation, release, and injunction provisions (in addition to the provisions recited above):

**Injunction (Section 8.7)**: **Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims against or Interests in the Debtors that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtor, the Exculpated Parties, the Released Parties, the 1125(e) Parties, or the Plan Administrator:  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) on account of or in connection with or with respect to any such Claim or Interest; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order on account of or in connection with or with respect to any such Claim or Interest;**

**(iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind on account of or in connection with or with respect to any such Claim or Interest; (iv) asserting any right of setoff, directly or indirectly, on account of or in connection with or with respect to any such Claim or Interest, except as contemplated or allowed by this Plan or pursuant to a timely filed Proof of Claim; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions, treatment, or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in Section 8.7 hereof.**

**For the avoidance of doubt, pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan or the occurrence of the Effective Date will not discharge the Debtors.**

**Exculpation (Section 8.5): Notwithstanding anything to the contrary herein, effective as of the Effective Date, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is released and exculpated from, any liability to any Entity for any claims or Causes of Action arising prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to, preparing and filing the Chapter 11 Cases, or formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the confirmation or consummation of the Sale Transaction or the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with the Chapter 11 Cases, the Disclosure Statement, consummation of the Sale Transaction, or confirmation or consummation of the Plan, except for actions determined by Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

**"Exculpated Parties"** shall mean, each in their respective capacities as such, (a) the Debtors and the Wind-Down Debtor, (b) the Committee, (c) the Related Parties of each of the foregoing in each case as to the Persons and entities in this clause (c) to the extent such Person or Entity is a fiduciary of any of the Estates (including, without limitation, as an officer or director of the Debtors).

**PLEASE NOTE THAT QUESTIONS ABOUT THIS NOTICE SHOULD BE DIRECTED TO THE VOTING AGENT AT TEAMAZZUR@STRETTO.COM OR BY TELEPHONE**

**AT (833) 900-1730, OR, IF CALLING FROM OUTSIDE THE UNITED STATES OR CANADA, AT (949) 202-5650.**

Dated: April [•], 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ DRAFT_
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email:  stuart.brown@us.dlapiper.com

- and -

W. Benjamin Winger (admitted _pro hac vice_)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: benjamin.winger@us.dlapiper.com

_Counsel to the Debtors_

**EXHIBIT 3-A**

**Notice of Unimpaired Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I.: 85, 86, 386** |

**NOTICE OF UNIMPAIRED NON-VOTING STATUS**

**TO: ALL HOLDERS OF CLAIMS IN CLASSES 1, 2, AND 5**

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan explains the Debtors' plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [D.I. [•]] (the "Interim Approval Order") for use by the Debtors in soliciting acceptances or rejections to the Combined Disclosure Statement and Plan from holders of Impaired Claims entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

**Under the terms of the Combined Disclosure Statement and Plan, your claim(s) against and/or interest(s) in the Debtors is (are) *not* entitled to vote on the Combined Disclosure Statement and Plan.**

- Claims in **Class 1** (Other Secured Claims), **Class 2** (Other Priority Claims), and **Class 5** (Intercompany Claims & Interests) are Unimpaired and deemed to accept the Combined Disclosure Statement and Plan.

**If you have any questions about the status of your claim or interest you should contact Stretto, Inc. (the "Voting Agent") by email at TeamAzzur@stretto.com or by telephone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.**

**You will not be served with a copy of the Interim Approval and Procedures Order or the Combined Disclosure Statement and Plan,** but you are receiving a court-approved summary of the Combined Disclosure Statement and Plan (the "Plan Summary"). If, after reviewing the Plan Summary, you wish to review copies of the Interim Approval and Procedures Order or the

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

Combined Disclosure Statement and Plan, you may obtain copies free of charge at the website maintained by the Voting Agent at https://stretto.com/Azzur; or by contacting the Voting Agent at the aforementioned email address and telephone numbers.

If you wish to challenge the Debtors' classification of your claim, you must file a motion (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and serve such motion on the Debtors so that it is received by **May 7, 2025 at 4:00 p.m. (ET)**. Such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to or at the Combined Hearing.

A table summarizing the key dates is included below for ease of reference:

| DEADLINE / HEARING | DATE |
|---|---|
| Voting Record Date | April 13, 2025 |
| Date Solicitation Will Commence | April 14, 2025 |
| Deadline to File Claims Objections | April 23, 2025 |
| Deadline to File Plan Supplement | April 28, 2025 |
| Deadline to File Rule 3018 Motions | May 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | May 12, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | May 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | May 14, 2025 at 4:00 p.m. (ET) |
| Combined Hearing | May 19, 2025 at 10:00 a.m. (ET) |

**<u>Combined Hearing and Filing Objections to the Combined Disclosure Statement and Plan.</u>** A hearing to consider final approval of the adequacy of information contained in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code will be held on **May 19, 2025 at 10:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the Court, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 (the "<u>Combined Hearing</u>"), but may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing or other notice filed with the Bankruptcy Court.

The deadline to (i) file objections to final approval of the Combined Disclosure Statement and Plan and (ii) elect to opt-out of, or opt-in to, the releases contained in Section 8.4 of the Combined Disclosure Statement and Plan is **May 14, 2025 at 4:00 p.m. (ET)**.  Any objection must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Bankruptcy Court and served upon the parties registered to receive notice through the Bankruptcy Court's ECF noticing system, in each case.  **Unless an objection is timely filed and served, it may not be considered by the Bankruptcy Court at the Combined Hearing.**

## IMPORTANT INFORMATION REGARDING RELEASES

**Holders of Claims in Class 1** (Other Secured Claims), **Class 2** (Other Priority Claims), and **Class 5** (Intercompany Claims & Interests) are "Releasing Parties" under the Combined Disclosure Statement and Plan:

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such:  (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the releases provided under the Plan, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided*, *however*, that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**Section 8.4 of the Combined Disclosure Statement and Plan provides as follows:**

## Third-Party Release

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release, waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined**

Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released; *provided further*, *however*, that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is: (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.

"**Released Parties**" shall mean collectively, and in each case in its capacity as such: (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided*, that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

"**Related Parties**" shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other

fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**If would like to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, you may contact the Voting Agent via email at TeamAzzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 (or, if calling from outside the United States or Canada, at (949) 202-5650) to indicate that you wish to opt-in.**

**PLEASE NOTE THAT QUESTIONS ABOUT THIS NOTICE SHOULD BE DIRECTED TO THE VOTING AGENT AT TEAMAZZUR@STRETTO.COM OR BY TELEPHONE AT (833) 900-1730 OR, IF CALLING FROM OUTSIDE THE UNITED STATES OR CANADA, AT (949) 202-5650.**

Dated: April [•], 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ DRAFT_____
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email: stuart.brown@us.dlapiper.com

- and -

W. Benjamin Winger (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: benjamin.winger@us.dlapiper.com

*Counsel to the Debtors*

## **EXHIBIT 3-B**

## **Notice of Impaired Non-Voting Status**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I. Nos. 85, 86, 386, [•]** |

## <u>NOTICE OF IMPAIRED NON-VOTING STATUS</u>

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (as may be amended, modified, or supplemented, the "<u>Combined Disclosure Statement and Plan</u>"). The Combined Disclosure Statement and Plan explains the Debtors' plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") [D.I. [•]] (the "<u>Interim Approval Order</u>") for use by the Debtors in soliciting acceptances or rejections to the Combined Disclosure Statement and Plan from holders of Impaired Claims entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

**Under the terms of the Combined Disclosure Statement and Plan, your claim(s) against and/or interest(s) in the Debtors is (are) *not* entitled to vote on the Combined Disclosure Statement and Plan.**

- Claims in **Class 5** (Intercompany Claims & Interests) are Impaired, will receive no Distribution under the Combined Disclosure Statement and Plan, and are therefore deemed to reject the Combined Disclosure Statement and Plan.

- Claims in **Class 6A** (Azzur Group Holdings Interests) and **Class 6B** (Section 510(b) Claims) are Impaired, will receive no Distribution under the Combined Disclosure Statement and Plan, and are therefore deemed to reject the Combined Disclosure Statement and Plan.

**If you have any questions about the status of your claim or interest you should contact Stretto, Inc. (the "<u>Voting Agent</u>") by email at TeamAzzur@stretto.com or by telephone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.**

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

**You will not be served with a copy of the Interim Approval and Procedures Order or the Combined Disclosure Statement and Plan**, but you are receiving a court-approved summary of the Combined Disclosure Statement and Plan (the "Plan Summary").  If, after reviewing the Plan Summary, you wish to review copies of the Interim Approval and Procedures Order or the Combined Disclosure Statement and Plan, you may obtain copies free of charge at the website maintained by the Voting Agent at https://stretto.com/Azzur; or by contacting the Voting Agent at the aforementioned email address and telephone numbers.

The Plan Summary includes information with respect to the Third-Party Releases set forth in Article VIII of the Combined Disclosure Statement and Plan.  **If you would like to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, you may contact the Voting Agent via email at TeamAzzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 (or, if calling from outside the United States or Canada, at (949) 202-5650) to indicate that you wish to opt-in.**

If you wish to challenge the Debtors' classification of your claim, you must file a motion (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and serve such motion on the Debtors so that it is received by **May 7, 2025 at 4:00 p.m. (ET)**. Such ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to or at the Combined Hearing.

A table summarizing the key dates is included below for ease of reference:

| DEADLINE / HEARING | DATE |
|---|---|
| Voting Record Date | April 13, 2025 |
| Date Solicitation Will Commence | April 14, 2025 |
| Deadline to File Claims Objections | April 23, 2025 |
| Deadline to File Plan Supplement | April 28, 2025 |
| Deadline to File Rule 3018 Motions | May 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | May 12, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | May 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | May 14, 2025 at 4:00 p.m. (ET) |
| Combined Hearing | May 19, 2025 at 10:00 a.m. (ET) |

**PLEASE NOTE THAT QUESTIONS ABOUT THIS NOTICE SHOULD BE DIRECTED TO THE VOTING AGENT AT TEAMAZZUR@STRETTO.COM OR BY TELEPHONE AT (833) 900-1730 OR, IF CALLING FROM OUTSIDE THE UNITED STATES OR CANADA, AT (949) 202-5650.**

Dated: April [•], 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 _/s/ DRAFT_____
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email:  stuart.brown@us.dlapiper.com

- and -

W. Benjamin Winger (admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: benjamin.winger@us.dlapiper.com

*Counsel to the Debtors*

## **EXHIBIT 4**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I. Nos. 85, 86, 386** |

**PUBLICATION NOTICE OF
(I) APPROVAL OF COMBINED DISCLOSURE STATEMENT
AND PLAN ON AN INTERIM BASIS FOR SOLICITATION
PURPOSES ONLY; (II) HEARING TO CONSIDER (A) FINAL
APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN
AND (B) CONFIRMATION OF COMBINED DISCLOSURE STATEMENT
AND PLAN; (III) DEADLINE FOR VOTING ON COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (IV) DEADLINE FOR FILING OBJECTIONS
TO CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN**

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan").

The Combined Disclosure Statement and Plan explains the Debtors' plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [D.I. [•]] (the "Interim Approval Order") for use by the Debtors in soliciting acceptances or rejections to the Combined Disclosure Statement and Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement and Plan. Copies of the Interim Approval Order and the Combined Disclosure Statement and Plan can be obtained free of charge at the website maintained by Stretto, Inc. (the "Voting Agent") at https://stretto.com/Azzur; or by contacting the Voting Agent via email at teamazzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.

**Summary of Key Dates**: A table summarizing the key dates is included below for ease of reference:

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

| DEADLINE / HEARING | DATE |
| --- | --- |
| Voting Record Date | April 13, 2025 |
| Date Solicitation Will Commence | April 14, 2025 |
| Deadline to File Claims Objections | April 23, 2025 |
| Deadline to File Plan Supplement | April 28, 2025 |
| Deadline to File Rule 3018 Motions | May 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | May 12, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | May 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | May 14, 2025 at 4:00 p.m. (ET) |
| Combined Hearing | May 19, 2025 at 10:00 a.m. (ET) |

**Voting On The Plan:** Holders of Claims in Classes 3 and 4 (the "Voting Classes") are entitled to vote to accept or reject the Plan as they are impaired and receiving distributions under the Plan; holders of Claims in Classes 1, 2 and 5 are Unimpaired and deemed to accept the Plan; holders of Claims and Interests in Class 5 are Impaired and entitled to vote, and holders of Claims in Classes 6A and 6B are Impaired and deemed to reject the Plan as they are receiving no distributions under the Plan. If you are a holder of a Claim against the Debtors as of **April 13, 2025** (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Plan must be received is **May 14, 2025 at 4:00 p.m. (ET) (the "Voting Deadline"). If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is actually received by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors, for your vote to be counted.**

- Your Ballot must be returned by (a) first-class mail (using the reply envelope provided or otherwise as set forth below), (b) overnight courier, or (c) personal delivery at the following address:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

- In addition, Ballots will be accepted if properly completed through the online balloting portal maintained by the Voting Agent. **Holders of Claims in Voting Classes may submit an electronic Ballot at** https://stretto.com/Azzur. Instructions for electronic, online transmission of Ballots will be set forth on such website. **Ballots will not be accepted by**

**email, telecopy, or facsimile.** If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.

<u>**Important Information Regarding Releases**</u>:

<u>**If you are entitled to submit a Ballot and you vote to "ACCEPT" (or vote in favor of) the Combined Disclosure Statement and Plan, you will have consented to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law unless you mark the appropriate box on your Ballot to opt-out of the Third-Party Release.**</u> **If you (i) vote to reject the Combined Disclosure Statement and Plan or (ii) if you are entitled to vote and did not vote either to accept or reject the Combined Disclosure Statement and Plan, then you may elect to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan by marking the appropriate box on your Ballot.**

**If your claim is in a Class that is not entitled to vote on the Combined Disclosure Statement and Plan, but you would like to opt-in to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, you may contact the Voting Agent via email at TeamAzzur@stretto.com with a reference to "Azzur" in the subject line; or by phone at (833) 900-1730 (or, if calling from outside the United States or Canada, at (949) 202-5650) to indicate that you wish to opt-in.**

<u>**Third-Party Release—Section 8.4**</u>

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release, waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other**

3

**occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing;** *provided* **that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released;** *provided further*, *however*, **that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is: (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.**

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such: (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt-out box on the ballot, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided*, *however*, that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**"Released Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided*, that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

**"Related Parties"** shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current

4

and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**Challenging Your Claim for Voting Purposes Only**.  If you wish to challenge the Debtors' classification or amount of your claim, you must file a motion (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and serve such motion on the Debtors so that it is received by **May 7, 2025 at 4:00 p.m. (ET)**. Such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to or at the Combined Hearing (as defined below).

**Combined Hearing and Filing Objections to the Combined Disclosure Statement and Plan.** A hearing to consider final approval of the adequacy of information contained in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code will be held on **May 19, 2025 at 10:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the Court, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 (the "Combined Hearing"), but may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing or other notice filed with the Bankruptcy Court.

The deadline to (i) file objections to final approval of the Combined Disclosure Statement and Plan and (ii) elect to opt-out of, or opt-in to, the releases contained in Section 8.4 of the Combined Disclosure Statement and Plan is **May 14, 2025 at 4:00 p.m. (ET)**.  Any objection must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Bankruptcy Court and served upon the parties registered to receive notice through the Bankruptcy Court's ECF noticing system, in each case.  **Unless an objection is timely filed and served, it may not be considered by the Bankruptcy Court at the Combined Hearing.**

**PLEASE NOTE THAT QUESTIONS ABOUT THIS NOTICE SHOULD BE DIRECTED TO THE VOTING AGENT AT TEAMAZZUR@STRETTO.COM OR BY TELEPHONE AT (833) 900-1730 (OR, IF CALLING FROM OUTSIDE THE UNITED STATES OR CANADA, AT (949) 202-5650).**

## EXHIBIT 5-A

**Class 3 Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I. Nos. 85, 86, 386** |

## CLASS 3 BALLOT TO ACCEPT OR REJECT THE DEBTORS'
## COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

**THIS BALLOT IS TO BE USED BY HOLDERS OF THE CLASS 3 M&T CLAIMS. TO BE COUNTED, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY MAY 14, 2025 AT 4:00 P.M. (ET) (THE "VOTING DEADLINE"), UNLESS EXTENDED IN THE SOLE DISCRETION OF THE DEBTORS, OR IT WILL NOT BE COUNTED.**

**YOU MAY (I) VOTE ON ACCEPTANCE OF THE PLAN AND (II) EXERCISE RIGHTS WITH RESPECT TO THE THIRD-PARTY RELEASE ON PAGE SIX OF THIS BALLOT, AS DESCRIBED BELOW.**

IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

If you have any questions regarding this ballot, the voting procedures, or any of the solicitation materials you have received, or you need to obtain additional solicitation materials, please contact Stretto, Inc., the Debtors' voting agent (the "Voting Agent") in these chapter 11 cases by accessing the chapter 11 case website at https://cases.stretto.com/Azzur.

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan contains information explaining the Debtors' Combined Disclosure Statement and Plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [D.I. [•]] (the "Interim Approval and Procedures Order").[2] Bankruptcy Court approval of the Combined Disclosure Statement and Plan does not mean that the Bankruptcy Court has confirmed the Debtors' Combined Disclosure Statement and Plan.

This ballot (the "Ballot") is provided to you to solicit your vote to accept or reject the Combined Disclosure Statement and Plan because the records maintained by the Debtors indicate that you are a holder of a **Class 3 M&T Claims** as of **April 13, 2025** (the "Voting Record Date") and, accordingly you may have a right to vote to accept or reject the Combined Disclosure Statement and Plan. If you hold claims in more than one class, you will receive a separate Ballot for each class in which you are entitled to vote and must complete a separate Ballot for each such Class.

Please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement and Plan. This Ballot may not be used for any purpose other than to vote to accept or reject the Combined Disclosure Statement and Plan and either opt-in to, or opt-out of, the Third-Party Release.

**Your receipt of this Ballot does not signify that your Claims(s) has been or will be allowed.** The Debtors reserve all rights to dispute such Claim(s).

**You should carefully review the Combined Disclosure Statement and Plan and the Interim Approval and Procedures Order before you vote**. **You may wish to seek legal advice concerning the Combined Disclosure Statement and Plan and the classification and treatment of your claim(s) under the Combined Disclosure Statement and Plan.**

The Debtors have commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by at least one impaired Class of creditors and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of sections 1129(a) and (if not accepted by all Classes of creditors) 1129(b) of the Bankruptcy Code. A class of claims will have voted to accept the plan only if two-thirds in amount and a majority in number of creditors actually voting cast their ballots in favor of acceptance. **If the Bankruptcy Court confirms the Combined Disclosure Statement and Plan, it will be binding on you whether or not you vote.**

Additional copies of the Interim Approval and Procedures Order and the Combined Disclosure Statement and Plan are available free of charge from the website maintained by the Voting Agent at https://cases.stretto.com/Azzur or by email at TeamAzzur@stretto.com with a reference to "Azzur Group" in the subject line, or by phone at (833) 900-1730 or, if calling from outside the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan or the Interim Approval and Procedures Order, as applicable.

United States or Canada, at (949) 202-5650.  If you have any questions on how to properly complete this Ballot, please contact the Voting Agent.  Please be advised that the Voting Agent cannot provide legal advice.

---

**IMPORTANT**

**The Voting Deadline is May 14, 2025 at 4:00 p.m. (ET)**

**For your vote to be counted, a hard copy of this Ballot OR an electronic Ballot must be properly completed, signed, and submitted so that it is actually received by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.  If you choose to submit an electronic Ballot, you MUST NOT also send a hard copy of this Ballot.  You must choose only one method of voting for each Ballot you receive and submit.**

**Voting By Mail**: If you prefer to vote by returning a hard copy of this Ballot by mail, you may return your completed and signed Ballot in the enclosed preaddressed, postage prepaid envelope or

By First Class Mail to:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

By Overnight Mail to:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**Voting Online:** If you prefer to vote online, properly completed Ballots may be submitted to the Voting Agent by using the Voting Agent's eBallot portal.  **To submit your Ballot via the Voting Agent's eBallot portal, visit https://forms.stretto.com and click on "Submit eBallot" and follow the instructions to submit your Ballot**

**IMPORTANT: To retrieve and submit your customized electronic Ballot, you will need the following information:**

**Unique eBallot ID Number: _____**

**PIN Number: _____**

The Voting Agent's eBallot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

---

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3 M&T CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Combined Disclosure Statement and Plan. **Please read the Combined Disclosure Statement and Plan carefully before completing this Ballot.**

2.      The Combined Disclosure Statement and Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Combined Disclosure Statement and Plan.  In the event that Class 3 rejects the Combined Disclosure Statement and Plan, the Bankruptcy Court may nevertheless confirm the Combined Disclosure Statement and Plan and thereby make it binding on you if the Bankruptcy Court finds that the Combined Disclosure Statement and Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      If the Combined Disclosure Statement and Plan is confirmed by the Bankruptcy Court even though not all Classes of Claims have voted to accept it, all holders of Claims against and Interests in the Debtors will be bound by the confirmed Combined Disclosure Statement and Plan and the transactions contemplated thereby.

4.      Complete, sign, and return this Ballot to the Voting Agent so that it is actually received by the Voting Agent on or before **May 14, 2025 at 4:00 p.m. (ET)**, which is the Voting Deadline, unless such time is extended in writing by the Debtors.

5.      **To properly complete this Ballot, you must follow the procedures described below**:

        a.      cast one vote to accept or reject the Combined Disclosure Statement and Plan by checking the appropriate box in Item 2;

        b.      **if you vote to accept the Combined Disclosure Statement and Plan, you will be consenting to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law unless you mark the appropriate box in Item 3 to opt-out of the Third-Party Release**. If you vote to reject the Combined Disclosure Statement and Plan, you will be deemed to opt-out of the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, unless you check the box to opt-in to the Third-Party Release. If you did not vote either to accept or reject the Combined Disclosure Statement and Plan, you may elect to grant the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan by marking the appropriate box in Item 4. **Election to withhold consent is at your option**;

        c.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing; you may be required to submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

        d.      provide your name and mailing address on your Ballot;

     e.      sign and date your Ballot, and provide the remaining information requested; and

     f.       return your Ballot using the methods described below.

7.      You can return your Ballot either by mail OR by using the online eBallot portal.  **If you choose to submit your Ballot via the online eBallot portal, you should not submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

8**.**      If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or:

| **By First Class Mail:** | **By Overnight Mail:** |
|:---:|:---:|
| Azzur Group Holdings LLC Balloting Center | Azzur Group Holdings LLC Balloting Center |
| c/o Stretto, Inc. | c/o Stretto, Inc. |
| 410 Exchange, Suite 100 | 410 Exchange, Suite 100 |
| Irvine, CA 92602 | Irvine, CA 92602 |

If you prefer to vote online, Ballots will only be accepted if properly completed through the online eBallot portal maintained by the Voting Agent at **https://forms.stretto.com**.  **The Voting Agent will not accept Ballots by facsimile or e-mail.**

9.      If you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims to make sure that your vote is counted for each Class of Claims in which you hold a Claim.

**If you received a damaged Ballot, lost your Ballot, believe you were sent the wrong Ballot, or have any questions concerning the procedures for voting on the Combined Disclosure Statement and Plan, please contact the voting agent by email at TeamAzzur@stretto.com with a reference to "Azzur Group" in the subject line; or by phone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.**

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS
BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of the Class 3 M&T Claim in the following ***aggregate*** unpaid amount:

Amount of Claim Voting[3]  $ _____

Which Debtor(s) Your Claim Is Against: _____

**Item 2. Vote on the Plan.** The holder of the Class 3 M&T Claim against the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and 2 above.**</u>

**Item 3. Third-Party Release Opt-Out Election (ONLY APPLICABLE IF YOU VOTED TO <u>ACCEPT</u> THE PLAN).**  The Combined Disclosure Statement and Plan contains a series of releases that are a part of the overall transactions set forth in the Combined Disclosure Statement and Plan.  In that respect, parties should be aware that, if the Combined Disclosure Statement and Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties, including the Holders of the Claims entitled to vote on the Combined Plan or Disclosure Statement through this ballot who do not opt-out of such releases as provided for herein, will be giving releases as set forth in Section 8.4 of the Plan. For your convenience, excerpts of the release provisions are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases. **Importantly, if you opt-out of such releases you will not be considered a "Released Party" for purposes of the Debtor Release. If the Plan is confirmed and consummated, and you have voted to accept and/or elected to opt-out, the size of your cash distribution under the confirmed Plan will not be affected.**

**The Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan provides that, among other things, consenting creditors will release affiliates, shareholders, directors and officers, employees and professional advisors of the Debtors, in their respective capacities as such, from all direct claims relating to the Debtors.**

**Election to opt-out is at your option and in your sole discretion.  If you accept the Plan and do not check the box below, you shall be deemed to have consented to the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  Your decision to opt-**

---

[3] For voting purposes only; not for distribution purposes.

**out of the Third-Party Release does not affect your entitlement to distributions under the Plan.**

☐    **OPT-OUT.**  The undersigned Claimant elects to opt-out of the Third-Party Releases set forth in Section 8.4 of the Combined Disclosure Statement and Plan.

**Item 4. Third-Party Release Opt-In Election (ONLY APPLICABLE IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING).**  The Combined Disclosure Statement and Plan contains a series of releases that are a part of the overall transactions set forth in the Combined Disclosure Statement and Plan.  In that respect, parties should be aware that, if the Combined Disclosure Statement and Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties, including the Holders of the Claims entitled to vote on the Combined Plan or Disclosure Statement through this ballot who do not opt-out of such releases as provided for herein, will be giving releases as set forth in Section 8.4 of the Plan. For your convenience, excerpts of the release provisions are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases. **Importantly, if you opt-in to such releases you will be considered a "Released Party" for purposes of the Debtor Release.  If the Plan is confirmed and consummated, and you have voted to reject and did not elect to opt-in, the size of your cash distribution under the confirmed Plan will not be affected.**

**The Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan provides that, among other things, consenting creditors will release affiliates, shareholders, directors and officers, employees and professional advisors of the Debtors, in their respective capacities as such, from all direct claims relating to the Debtors.**

**Election to opt-in is at your option and in your sole discretion.  If you abstain from voting or reject the Plan and do not check the box below, you shall be deemed to have opted-out of the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  Your decision to opt-in to the Third-Party Release does not affect your entitlement to distributions under the Plan.**

**If you check the box below, you shall be deemed to have consented to the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  The holder of the Class 3 M&T Claim elects to:**

☐    **OPT-IN.**  The undersigned has elected to **OPT-IN** to the Third-Party Release set forth in Section 8.4 of the Combined Disclosure Statement and Plan (note that opting-in to the release will result in you being included as a "Releasing Party" and a "Released Party" under the Combined Plan and Disclosure Statement).

**Important Information Regarding Other Injunctions and Releases.** If the Court confirms the Combined Disclosure Statement and Plan and it becomes effective, you will be bound by the following injunction and exculpation provisions contained in Sections 8.5 and 8.6 of the Combined

Disclosure Statement and Plan, regardless of whether you voted to accept or reject the Combined Disclosure Statement and Plan:

## Selected Defined Terms in the Plan

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such: (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt-out box on the ballot, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided*, *however*, that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**"Released Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided*, that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

**"Related Parties"** shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**"Exculpated Parties"** shall mean, each in their respective capacities as such, (a) the Debtors and the Wind-Down Debtor, (b) the Committee, (c) the Related Parties of each of the foregoing in each case as to the Persons and entities in this clause (c) to the extent such Person or Entity is a fiduciary of any of the Estates (including, without limitation, as an officer or director of the Debtors).

"**1125(e) Parties**" shall mean collectively, and in each case in its capacity as such: (a) the Debtors; and (b) with respect to each of the foregoing Entities in clause (a), the Related Parties of such Entities.

## Selected Provisions of the Plan

### Section 8.3—Releases by the Debtors

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Debtors and the Wind-Down Debtor, on their own behalf and as a representative of the Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released.**

### Section 8.4—Third-Party Release

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release, waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever**

(including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released; *provided further*, *however*, that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is: (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.

Section 8.5—Exculpation

Notwithstanding anything to the contrary herein, effective as of the Effective Date, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is released and exculpated from, any liability to any Entity for any claims or Causes of Action arising prior to or on the Effective Date (including prior to the Petition Date) for any act taken or omitted to be taken in connection with, or related to, preparing and filing the Chapter 11 Cases, or formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the confirmation or consummation of the Sale Transaction or the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act

taken or omitted to be taken in connection with the Chapter 11 Cases, the Disclosure Statement, consummation of the Sale Transaction, or confirmation or consummation of the Plan, except for actions determined by Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## Section 8.6—No Liability Pursuant to Section 1125(e) of the Bankruptcy Code

Without in any way limiting the releases and exculpation set forth in Sections 8.3, 8.4, or 8.5 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan.

## Section 8.7—Injunction

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims against or Interests in the Debtors that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtor, the Exculpated Parties, the Released Parties, the 1125(e) Parties, or the Plan Administrator:  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) on account of or in connection with or with respect to any such Claim or Interest; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order on account of or in connection with or with respect to any such Claim or Interest; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind on account of or in connection with or with respect to any such Claim or Interest; (iv) asserting any right of setoff, directly or indirectly, on account of or in connection with or with respect to any such Claim or Interest, except as contemplated or allowed by this Plan or pursuant to a timely filed Proof of Claim; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions, treatment, or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in Section 8.7 hereof.

**For the avoidance of doubt, pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan or the occurrence of the Effective Date will not discharge the Debtors.**

**Item 5**. **Certification as to Claims Held in Additional Accounts**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots on account of the Class 3 M&T Claim held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Combined Plan and Disclosure Statement.

**Item 6**. **Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Combined Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Combined Disclosure Statement and Plan, the Interim Approval and Procedures Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan attached to the Interim Approval and Procedures Order as **Exhibit 1** thereto; (c) it is the holder of the M&T Claim identified in Item 1 above as of April 13, 2025; (d) it has made a knowing, voluntary, and informed election, after an adequate opportunity to consult with counsel, regarding the releases contemplated under the Plan; and/or (e) it has full power and authority to vote to accept or reject the Combined Disclosure Statement and Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan, this Ballot will not be counted.

_____
Name of Creditor

_____
Signature

*If by Authorized Agent*:

_____
Name and Title

_____
Address

_____
Telephone Number

_____
E-mail Address

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**Ballots may be submitted via the eBallot portal, or in the return envelope provided, or as directed in item 8 of the instructions.  If you have any questions about this Ballot or the voting instructions, please contact the Voting Agent at TeamAzzur@stretto.com or by telephone at (833) 900-1730 (or, if calling from outside the United States or Canada, at (949) 202-5650).**

# EXHIBIT 5-B

**Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | Case No. 25-10342 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related D.I. Nos. 85, 86, 386** |

**CLASS 4 BALLOT TO ACCEPT OR REJECT THE DEBTORS'
COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

**THIS BALLOT IS TO BE USED BY HOLDERS OF THE CLASS 4 GENERAL UNSECURED CLAIMS. TO BE COUNTED, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY MAY 14, 2025 AT 4:00 P.M. (ET) (THE "VOTING DEADLINE"), UNLESS EXTENDED IN THE SOLE DISCRETION OF THE DEBTORS, OR IT WILL NOT BE COUNTED.**

**YOU MAY (I) VOTE ON ACCEPTANCE OF THE PLAN AND (II) EXERCISE RIGHTS WITH RESPECT TO THE THIRD-PARTY RELEASE ON PAGE SIX OF THIS BALLOT, AS DESCRIBED BELOW.**

IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

If you have any questions regarding this ballot, the voting procedures, or any of the solicitation materials you have received, or you need to obtain additional solicitation materials, please contact Stretto, Inc., the Debtors' voting agent (the "Voting Agent") in these chapter 11 cases by accessing the chapter 11 case website at https://stretto.com/Azzur.

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* [D.I. 386] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan contains information explaining the Debtors' Combined Disclosure Statement and Plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [D.I. [•]] (the "Interim Approval and Procedures Order").[2] Bankruptcy Court approval of the Combined Disclosure Statement and Plan does not mean that the Bankruptcy Court has confirmed the Debtors' Combined Disclosure Statement and Plan

This ballot (the "Ballot") is provided to you to solicit your vote to accept or reject the Combined Disclosure Statement and Plan because the records maintained by the Debtors indicate that you are a holder of a **Class 4 General Unsecured Claim** as of **April 13, 2025** (the "Voting Record Date") and, accordingly you may have a right to vote to accept or reject the Combined Disclosure Statement and Plan. If you hold claims in more than one class, you will receive a separate Ballot for each class in which you are entitled to vote and must complete a separate Ballot for each such Class.

Please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement and Plan. This Ballot may not be used for any purpose other than to vote to accept or reject the Combined Disclosure Statement and Plan and either opt-in to, or opt-out of, the Third-Party Release.

**Your receipt of this Ballot does not signify that your Claims(s) has been or will be allowed.** The Debtors reserve all rights to dispute such Claim(s).

**You should carefully review the Combined Disclosure Statement and Plan and the Interim Approval and Procedures Order before you vote**. **You may wish to seek legal advice concerning the Combined Disclosure Statement and Plan and the classification and treatment of your claim(s) under the Combined Disclosure Statement and Plan.**

The Debtors have commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by at least one impaired Class of creditors and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of sections 1129(a) and (if not accepted by all Classes of creditors) 1129(b) of the Bankruptcy Code. A class of claims will have voted to accept the plan only if two-thirds in amount and a majority in number of creditors actually voting cast their ballots in favor of acceptance. **If the Bankruptcy Court confirms the Combined Disclosure Statement and Plan, it will be binding on you whether or not you vote.**

Additional copies of the Interim Approval and Procedures Order and the Combined Disclosure Statement and Plan are available free of charge from the website maintained by the Voting Agent at https://stretto.com/Azzur or by email at TeamAzzur@stretto.com with a reference to "Azzur

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan or the Interim Approval and Procedures Order, as applicable.

Group" in the subject line; or by phone at (833) 900-1730 or, if calling from outside the U.S. or Canada, at (949) 202-5650. If you have any questions on how to properly complete this Ballot, please contact the Voting Agent.  Please be advised that the Voting Agent cannot provide legal advice.

---

**IMPORTANT**

**The Voting Deadline is May 14, 2025 at 4:00 p.m. (ET).**

**For your vote to be counted, a hard copy of this Ballot OR an electronic Ballot must be properly completed, signed, and submitted so that it is actually received by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.  If you choose to submit an electronic Ballot, you MUST NOT also send a hard copy of this Ballot.  You must choose only one method of voting for each Ballot you receive and submit.**

**Voting By Mail**: If you prefer to vote by returning a hard copy of this Ballot by mail, you may return your completed and signed Ballot in the enclosed preaddressed, postage prepaid envelope or

By First Class Mail to:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

By Overnight Mail to:

Azzur Group Holdings LLC Balloting Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**Voting Online:** If you prefer to vote online, properly completed Ballots may be submitted to the Voting Agent by using the Voting Agent's eBallot portal.  **To submit your Ballot via the Voting Agent's eBallot portal, visit https://forms.stretto.com and click on "Submit eBallot" and follow the instructions to submit your Ballot.**

**IMPORTANT: To retrieve and submit your customized electronic Ballot, you will need the following information:**

**Unique eBallot ID Number: _____**

**PIN Number: _____**

The Voting Agent's eBallot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

---

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Combined Disclosure Statement and Plan.  **Please read the Combined Disclosure Statement and Plan carefully before completing this Ballot.**

2.      The Combined Disclosure Statement and Plan will be accepted by Class 4 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 4 that actually vote on the Combined Disclosure Statement and Plan. In the event that Class 4 rejects the Combined Disclosure Statement and Plan, the Bankruptcy Court may nevertheless confirm the Combined Disclosure Statement and Plan and thereby make it binding on you if the Bankruptcy Court finds that the Combined Disclosure Statement and Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 4 and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      If the Combined Disclosure Statement and Plan is confirmed by the Bankruptcy Court even though not all Classes of Claims have voted to accept it, all holders of Claims against and Interests in the Debtors will be bound by the confirmed Combined Disclosure Statement and Plan and the transactions contemplated thereby.

4.      Complete, sign, and return this Ballot to the Voting Agent so that it is actually received by the Voting Agent on or before **May 14, 2025 at 4:00 p.m. (ET)**, which is the Voting Deadline, unless such time is extended in writing by the Debtors.

5.      **To properly complete this Ballot, you must follow the procedures described below**:

      a.      cast one vote to accept or reject the Combined Disclosure Statement and Plan by checking the appropriate box in Item 2;

      b.      **if you vote to accept the Combined Disclosure Statement and Plan, you will be consenting to the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law unless you mark the appropriate box in Item 3 to opt-out of the Third-Party Release**. If you vote to reject the Combined Disclosure Statement and Plan, you will be deemed to opt-out of the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan, unless you check the box to opt-in to the Third-Party Release. If you did not vote either to accept or reject the Combined Disclosure Statement and Plan, you may elect to grant the Third-Party Release contained in Section 8.4 of the Combined Disclosure Statement and Plan by marking the appropriate box in Item 4. **Election to withhold consent is at your option**.

      c.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing; you may be required to submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

      d.      provide your name and mailing address on your Ballot;

e.　　sign and date your Ballot, and provide the remaining information requested; and

f.　　return your Ballot using the methods described below.

7.　　You can return your Ballot either by mail OR by using the online eBallot portal.  **If you choose to submit your Ballot via the online eBallot portal, you should not submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

8**.**　　If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or:

| **By First Class Mail:** | **By Overnight Mail:** |
|---|---|
| Azzur Group Holdings LLC Balloting Center | Azzur Group Holdings LLC Balloting Center |
| c/o Stretto, Inc. | c/o Stretto, Inc. |
| 410 Exchange, Suite 100 | 410 Exchange, Suite 100 |
| Irvine, CA 92602 | Irvine, CA 92602 |

If you prefer to vote online, Ballots will only be accepted if properly completed through the online eBallot portal maintained by the Voting Agent at **https://forms.stretto.com**.  **The Voting Agent will not accept Ballots by facsimile or e-mail.**

9.　　If you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims to make sure that your vote is counted for each Class of Claims in which you hold a Claim.

**If you received a damaged Ballot, lost your Ballot, believe you were sent the wrong Ballot, or have any questions concerning the procedures for voting on the Combined Disclosure Statement and Plan, please contact the Voting Agent at TeamAzzur@stretto.com or by telephone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.**

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS
BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of a Class 4 General Unsecured Claim in the following ***aggregate*** unpaid amount:

Amount of Claim Voting[3]  $ _____

Which Debtor(s) Your Claim Is Against: _____

**Item 2. Vote on the Plan.** The holder of the Class 4 General Unsecured Claim against the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and 2 above.**</u>

**Item 3. Third-Party Release Opt-Out Election (ONLY APPLICABLE IF YOU VOTED TO <u>ACCEPT</u> THE PLAN).**  The Combined Disclosure Statement and Plan contains a series of releases that are a part of the overall transactions set forth in the Combined Disclosure Statement and Plan.  In that respect, parties should be aware that, if the Combined Disclosure Statement and Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties, including the Holders of the Claims entitled to vote on the Combined Plan or Disclosure Statement through this ballot who do not opt-out of such releases as provided for herein, will be giving releases as set forth in Section 8.4 of the Plan. For your convenience, excerpts of the release provisions are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases. **Importantly, if you opt-out of such releases you will not be considered a "Released Party" for purposes of the Debtor Release. If the Plan is confirmed and consummated, and you have voted to accept and/or elected to opt-out, the size of your cash distribution under the confirmed Plan will not be affected.**

**The Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan provides that, among other things, consenting creditors will release affiliates, shareholders, directors and officers, employees and professional advisors of the Debtors, in their respective capacities as such, from all direct claims relating to the Debtors.**

**Election to opt-out is at your option and in your sole discretion.  If you accept the Plan and do not check the box below, you shall be deemed to have consented to the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  Your decision to opt-**

---

[3] For voting purposes only; not for distribution purposes.

**out of the Third-Party Release does not affect your entitlement to distributions under the Plan.**

☐ **OPT-OUT.**  The undersigned Claimant elects to opt-out of the Third-Party Releases set forth in Section 8.4 of the Combined Disclosure Statement and Plan.

**Item 4. Third-Party Release Opt-In Election (ONLY APPLICABLE IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING).**  The Combined Disclosure Statement and Plan contains a series of releases that are a part of the overall transactions set forth in the Combined Disclosure Statement and Plan.  In that respect, parties should be aware that, if the Combined Disclosure Statement and Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties, including the Holders of the Claims entitled to vote on the Combined Plan or Disclosure Statement through this ballot who do not opt out of such releases as provided for herein, will be giving releases as set forth in Section 8.4 of the Plan. For your convenience, excerpts of the release provisions are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases. **Importantly, if you opt-in to such releases you will be considered a "Released Party" for purposes of the Debtor Release.  If the Plan is confirmed and consummated, and you have voted to reject and did not elect to opt-in, the size of your cash distribution under the confirmed Plan will not be affected.**

**The Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan provides that, among other things, consenting creditors will release affiliates, shareholders, directors and officers, employees and professional advisors of the Debtors, in their respective capacities as such, from all direct claims relating to the Debtors.**

**Election to opt-in is at your option and in your sole discretion.  If you abstain from voting or reject the Plan and do not check the box below, you shall be deemed to have opted-out of the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  Your decision to opt-in to the Third-Party Release does not affect your entitlement to distributions under the Plan.**

**If you check the box below, you shall be deemed to have consented to the Third-Party Release in Section 8.4 of the Combined Disclosure Statement and Plan.  The holder of the Class 4 General Unsecured Claim elects to:**

☐ **OPT-IN.**  The undersigned has elected to **OPT-IN** to the Third-Party Release set forth in Section 8.4 of the Combined Disclosure Statement and Plan (note that opting-in to the release will result in you being included as a "Releasing Party" and a "Released Party" under the Combined Plan and Disclosure Statement).

**Important Information Regarding Other Injunctions and Releases.** If the Court confirms the Combined Disclosure Statement and Plan and it becomes effective, you will be bound by the following injunction and exculpation provisions contained in Sections 8.5 and 8.6 of the Combined Disclosure Statement and Plan, regardless of whether you voted to accept or reject the Combined Disclosure Statement and Plan:

## Selected Defined Terms in the Plan

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such:  (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt-out box on the ballot, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided*, *however*, that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**"Released Parties"** shall mean collectively, and in each case in its capacity as such:  (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided*, that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

**"Related Parties"** shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**"Exculpated Parties"** shall mean, each in their respective capacities as such, (a) the Debtors and the Wind-Down Debtor, (b) the Committee, (c) the Related Parties of each of the foregoing in each case as to the Persons and entities in this clause (c) to the extent such Person or Entity is a fiduciary of any of the Estates (including, without limitation, as an officer or director of the Debtors).

**"1125(e) Parties"** shall mean collectively, and in each case in its capacity as such:  (a) the Debtors; and (b) with respect to each of the foregoing Entities in clause (a), the Related Parties of such Entities.

## Selected Provisions of the Plan

8

**Section 8.3—Releases by the Debtors**

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Debtors and the Wind-Down Debtor, on their own behalf and as a representative of the Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released.**

**Section 8.4—Third-Party Release**

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release, waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of**

9

the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released; *provided further*, *however*, that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is: (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.

Section 8.5—Exculpation

Notwithstanding anything to the contrary herein, effective as of the Effective Date, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is released and exculpated from, any liability to any Entity for any claims or Causes of Action arising prior to or on the Effective Date (including prior to the Petition Date) for any act taken or omitted to be taken in connection with, or related to, preparing and filing the Chapter 11 Cases, or formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the confirmation or consummation of the Sale Transaction or the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with the Chapter 11 Cases, the Disclosure Statement, consummation of the Sale Transaction, or confirmation or consummation of the Plan, except for actions determined by Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have,

participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Section 8.6—No Liability Pursuant to Section 1125(e) of the Bankruptcy Code**

Without in any way limiting the releases and exculpation set forth in Sections 8.3, 8.4, or 8.5 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan.

**Section 8.7—Injunction**

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims against or Interests in the Debtors that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtor, the Exculpated Parties, the Released Parties, the 1125(e) Parties, or the Plan Administrator:  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) on account of or in connection with or with respect to any such Claim or Interest; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order on account of or in connection with or with respect to any such Claim or Interest; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind on account of or in connection with or with respect to any such Claim or Interest; (iv) asserting any right of setoff, directly or indirectly, on account of or in connection with or with respect to any such Claim or Interest, except as contemplated or allowed by this Plan or pursuant to a timely filed Proof of Claim; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions, treatment, or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in Section 8.7 hereof.

For the avoidance of doubt, pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan or the occurrence of the Effective Date will not discharge the Debtors.

**Item 5**. **Certification as to Claims Held in Additional Accounts**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots on account of the Class 4 Claim held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Combined Disclosure Statement and Plan.

**Item 6**. **Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Combined Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Combined Disclosure Statement and Plan, the Interim Approval and Procedures Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan attached to the Interim Approval and Procedures Order as **Exhibit 1** thereto; (c) it is the holder of the General Unsecured Claim identified in Item 1 above as of April 13, 2025; (d) it has made a knowing, voluntary, and informed election, after an adequate opportunity to consult with counsel, regarding the releases contemplated under the Plan; and/or (e) it has full power and authority to vote to accept or reject the Combined Disclosure Statement and Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan, this Ballot will not be counted.

_____
Name of Creditor

_____
Signature

*If by Authorized Agent*:

_____
Name and Title

_____
Address

_____
Telephone Number

_____
E-mail Address

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**Ballots may be submitted via the eBallot portal, or in the return envelope provided, or as directed in item 8 of the instructions.  If you have any questions about this Ballot or the**

**voting instructions please contact the Voting Agent at <u>TeamAzzur@stretto.com</u> or by telephone at (833) 900-1730 or, if calling from outside the United States or Canada, at (949) 202-5650.**

## **EXHIBIT 6**

**Plan Summary**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I. Nos. 85, 86, 386** |

### Summary of Certain Plan Treatment and Release Provisions[2]

The following chart summarizes the treatment provided under the Plan to each class of Claims and Interests:

| Class | Status / Voting | Projected Amount of Claims / Interests | Projected Recovery[3] |
|---|---|---|---|
| **Class 1**<br>Other Secured Claims | Unimpaired<br><br>Not entitled to vote<br><br>Deemed to accept Plan | Up to approx. $1.3 million | 100% |
| **Class 2**<br>Other Priority Claims | Unimpaired<br><br>Not entitled to vote<br><br>Deemed to accept Plan | De Minimis | 100% |

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] The statements contained herein constitute a summary of the treatment of claims and the releases contained in the Combined Disclosure Statement and Plan and do not purport to be precise or complete statements of all the terms and provisions of the Combined Disclosure Statement and Plan and any related documents. For a more detailed description of the Plan, please refer to the Combined Disclosure Statement and Plan. Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

[3] The Debtors' estimate of projected recoveries assumes the consummation of the Stalking Horse APA Sale Transaction in accordance with its disclosed terms.

| Class | Status / Voting | Projected Amount of Claims / Interests | Projected Recovery[3] |
|---|---|---|---|
| **Class 3**<br>M&T Claims | Impaired<br><br>Entitled to vote | Approx. $51.2 million[4] | Approx. 71% |
| **Class 4**<br>General Unsecured Claims | Impaired<br><br>Entitled to vote | Approx. $45.8 million[5] | Less than 1% |
| **Class 5**<br>Intercompany Claims & Interests | Impaired / Unimpaired<br><br>Not entitled to vote<br><br>Deemed to reject Plan / Presumed to accept Plan | N/A | N/A[6] |
| **Class 6A**<br>Azzur Group Holdings Interests | Impaired<br><br>Deemed to reject<br><br>Not entitled to vote | Approx. 108 million in total equity interests | 0% |
| **Class 6B**<br>Section 510(b) Claims | Impaired<br><br>Deemed to reject<br><br>Not entitled to vote | None | 0% |

**Release, Exculpation, and Injunction Provisions in the Plan**

**Section 8.3—Releases by the Debtors**

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Debtors and the Wind-Down Debtor, on their own behalf and as**

---

[4] The Debtors' estimate of the amount of Allowed M&T Claims is projected as of April 30, 2025, consistent with the terms of the Interim DIP Order.

[5] Inclusive of all potential lease rejection damages claims (without regard to any mitigation or other potential defenses or offsets) and exclusive of the M&T Deficiency Claim.

[6] For the avoidance of doubt, as set forth in Article 3.2 of the Combined Disclosure Statement and Plan, there shall be no Distribution on account of any Intercompany Claim or Intercompany Interest.

a representative of the Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released.

**Section 8.4—Third-Party Release**

**Effective as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever, release, waive, void and extinguish each Debtor, Wind-Down Debtor, and Released Party from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors and their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of the Debtors (including the management, ownership, or operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Cases, negotiation, preparation, Filing, and consummation of the Sale Transaction(s), the marketing and sale process related to the Sale Transaction(s), the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan**

or the property to be Distributed under this Combined Disclosure Statement and Plan, the Wind Down, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; *provided* that any right to enforce the Purchase Agreement(s), the Sale Order(s), the Plan, and Confirmation Order is not so released; *provided further*, *however*, that notwithstanding anything to the contrary herein, the provisions of this Section 8.4 shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Debtors, at which time this Section 8.4 shall apply in all respects as to the applicable unimpaired Claim.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Section 8.4 hereof, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Section 8.4 is: (1) by virtue of the opt-in / opt-out procedure, fully consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of claims released; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the releases described herein.

Section 8.5—Exculpation

Notwithstanding anything to the contrary herein, effective as of the Effective Date, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is released and exculpated from, any liability to any Entity for any claims or Causes of Action arising prior to or on the Effective Date (including prior to the Petition Date) for any act taken or omitted to be taken in connection with, or related to, preparing and filing the Chapter 11 Cases, or formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the confirmation or consummation of the Sale Transaction or the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with the Chapter 11 Cases, the Disclosure Statement, consummation of the Sale Transaction, or confirmation or consummation of the Plan, except for actions determined by Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Section 8.6—No Liability Pursuant to Section 1125(e) of the Bankruptcy Code**

**Without in any way limiting the releases and exculpation set forth in Sections 8.3, 8.4, or 8.5 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan.**

**Section 8.7—Injunction**

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims against or Interests in the Debtors that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtor, the Exculpated Parties, the Released Parties, the 1125(e) Parties, or the Plan Administrator:  (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) on account of or in connection with or with respect to any such Claim or Interest; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order on account of or in connection with or with respect to any such Claim or Interest; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind on account of or in connection with or with respect to any such Claim or Interest; (iv) asserting any right of setoff, directly or indirectly, on account of or in connection with or with respect to any such Claim or Interest, except as contemplated or allowed by this Plan or pursuant to a timely filed Proof of Claim; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions, treatment, or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in Section 8.7 hereof.**

**For the avoidance of doubt, pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan or the occurrence of the Effective Date will not discharge the Debtors.**

<u>**Relevant Definitions Related to the Release and Exculpation Provisions in the Plan**</u>

**"Releasing Parties"** shall mean collectively, and in each in case in its capacity as such:  (a) the Debtors and the Post-Effective Date Debtor; (b) each Holder of a Claim or Interest that (x) votes to accept the Plan and does not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt-out box on the ballot, or (y) either (I) abstains from voting on the Plan or (II) is deemed to accept or reject the Plan and, in the case of either (I) or (II), affirmatively opts-in to the

voluntary release contained in Section 8.4 hereof by checking the opt-in box on the ballot or notice, and returning it in accordance with the instructions set forth thereon, indicating that they opt-in to grant the releases provided in the Plan; and (c) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (b); *provided, however,* that notwithstanding the foregoing, M&T shall not be deemed a "Releasing Party" under the Plan and shall benefit only from releases by the Debtors.

**"Released Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; (b) M&T; (c) all Holders of Claims or Interests that (i) vote to accept the Plan and do not opt-out of the voluntary release contained in Section 8.4 hereof by checking the opt out box on the ballot, or (ii) abstain from voting or do not vote on the Plan and affirmatively opt-in to the releases provided under the Plan; and (d) with respect to each of the Debtors, and each of the foregoing Entities in clauses (a) through (c), the Related Parties of such Entities; *provided,* that any Holder of a Claim or Interest that votes to reject or objects to the Plan shall not be a "Released Party."

**"Related Parties"** shall mean, with respect to any (w) Person or Entity, (x) such Person's or Entity's current and former direct or indirect subsidiaries, affiliates, parents, predecessors, successors, and assigns, (y) with respect to each of the foregoing in clause (w) and (x), their current and former directors, managers, officers, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, (z) with respect to each of the foregoing in clause (w) through (y), each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, designees, trustees, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals or representatives, and any other fiduciaries to such Person or Entity with any involvement related to the Debtors; and (zz) with respect to each of the foregoing in clauses (w) through (z), such Person's or Entity's respective heirs, executors, estates, servants, and nominees.

**"Exculpated Parties"** shall mean, each in their respective capacities as such, (a) the Debtors and the Wind-Down Debtor, (b) the Committee, (c) the Related Parties of each of the foregoing in each case as to the Persons and entities in this clause (c) to the extent such Person or Entity is a fiduciary of any of the Estates (including, without limitation, as an officer or director of the Debtors).

**"1125(e) Parties"** shall mean collectively, and in each case in its capacity as such: (a) the Debtors; and (b) with respect to each of the foregoing Entities in clause (a), the Related Parties of such Entities.

**Copies of the Solicitation Version of the Combined Disclosure Statement and Plan may be obtained free of charge at the website maintained by the Voting Agent at https://cases.stretto.com/Azzur.**

**PLEASE NOTE THAT QUESTIONS ABOUT THIS NOTICE SHOULD BE DIRECTED TO THE VOTING AGENT AT TEAMAZZUR@STRETTO.COM OR BY TELEPHONE AT (833) 900-1730 OR, IF CALLING FROM OUTSIDE THE UNITED STATES OR CANADA, AT (949) 202-5650.**