## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-10342 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**Hearing Date:  May 19, 2025 at 10:00 a.m. (ET)**
**Objection Deadline:  May 2, 2025 at 4:00 p.m. (ET)**

### NOTICE OF HEARING ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AZZUR GROUP HOLDINGS, LLC, *ET AL.* TO RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MARCH 19, 2025

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") has filed the attached *Application of the Official Committee of Unsecured Creditors of Azzur Group Holdings, LLC,* et al. t*o Retain and Employ Huron Consulting Services LLC as Financial Advisor,* nunc pro tunc *to March 19, 2025* (the "Application") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the entry of an order with respect to the relief sought in the Application must be filed with the Bankruptcy Court on or before **May 2, 2025 at 4:00 p.m. (prevailing Eastern Time)**.  At the same time, the response or objection must be served on the undersigned proposed counsel to the Committee.

---

[1]   A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur.  The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Application without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief sought in the Application will be held on **May 19, 2025 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that if no objections are filed to the Application, the proposed order attached to the Application may be entered without further notice or hearing.

Dated:  April 18, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (*pro hac vice* pending)
Colin R. Robinson (DE Bar No. 5524)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
    dbertenthal@pszjlaw.com
    crobinson@pszjlaw.com
    ecorma@pszjlaw.com

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-10342 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF AZZUR GROUP HOLDINGS, LLC, *ET AL.***
**TO RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC**
**AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MARCH 19, 2025**

The Official Committee of Unsecured Creditors (the "Committee") of Azzur Group Holdings LLC, *et al.* (collectively, the "Debtors") respectfully submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Huron Consulting Services LLC ("Huron") as financial advisor to the Committee in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to March 19, 2025. In support of this Application, the Committee submits the declaration of Ryan Bouley (the "Bouley Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows:

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

4.      On March 2, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5.      On March 14, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Barker Contracting, Inc.; (ii) Southworth-Milton, Inc. d/b/a Milton-Cat International Corp.; (iii) Thomas Scientific, Inc.; (iv) Shiraz Partners LP; (v) DBCI, Inc.; (vi) Controlled Contamination Services, LLC; and (vii) NESPSA, Inc.

6.      On March 19, 2025, the Committee selected PSZJ as counsel and Huron Consulting Services LLC ("Huron") as financial advisor.

## RELIEF REQUESTED

7.      The Committee seeks to retain and employ Huron as its financial advisor to perform financial advisory services for the Committee pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to March 19, 2025.

8.      The Committee is familiar with the professional standing and reputation of Huron. The Committee understands and recognizes that Huron has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases throughout the United States, including serving as financial advisors to the official committees of unsecured creditors of MLCJR LLC, et al. (Case No. 23-90324, S.D. of Texas), Lordstown Motors Corp, et al. (Case No. 23-010831, D. Del.) and Akorn, Inc., et al. (Case No. 20-11177, D. Del), Yellow Corporation (Case No. 23-11069, D. Del) ,Zachry Holdings, Inc. et al. (Case No. 24-90377, S.D. Texas), SandRidge Energy (Case No. 16-32488, S.D. of Texas), Goodrich Petroleum (Case No. 16-31975, S.D. Texas), ChemRx Corp. (Case No. 10-11567, D. Del), HearUSA, Inc. (Case No. 11-23341, S.D. Fla), Hayes Lemmerz (Case No. 09-11655, D. Del), ATP Oil & Gas (Case No. 12-36187, S.D. Texas), Atari (Case No. 13-10176, S.D.N.Y), Trico Marine Group (Case No.10-12653, D. Del), Truvo USA LLC (Case No.10-13517, S.D.N.Y.), In re Chesapeake Energy Corp. (20-33233, S.D. Texas), PetroQuest Energy, Inc. et al. (Case No.18-36322, S. D. Texas), Power Block Coin L.L.C. (Case No. 24-bk-23041, D. Utah) and Exactech, Inc. (Case No.24-12441, D. Delaware).   Furthermore, Huron has recently served as debtor financial advisor and interim management in the bankruptcy cases of Vital Pharmaceuticals, Inc., et al. (Case No. 22-17842, S.D. Florida), Invacare Corporation, et al.

(Case No. 23-90068, S.D. Texas), iMedia Brands, Inc., et al. (Case No. 23-10852, D. Del),Alpine Summit Energy Partners, Inc., et al. (Case No. 23-90719, S.D. Texas), and Fisker, Inc. (Case No. 24-11390, D. Del). Accordingly, the Committee believes that Huron is both well qualified and uniquely able to represent it in these Chapter 11 Cases in an efficient and timely manner.

9. The services of Huron are deemed necessary to enable the Committee to perform its duties and exercise its powers as set forth in Bankruptcy Code section 1103, including assessing and monitoring the efforts of the Debtors and their professional advisors to maximize the value of their estates. Further, Huron is well-qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

10. Employment of Huron is in the best interest of the creditors and the estates as it will assist the Committee in analyzing various assets of the estates, the potential for recovery of assets and a basis to allow the Committee to participate meaningfully in the bankruptcy plan process. The Committee requests that the Court approve Huron's employment, *nunc pro tunc* to March 19, 2025.

## SCOPE OF SERVICES

11. Subject to further order of the Court, Huron will provide such financial advisory services to the Committee and its legal advisors as Huron and the Committee deem appropriate and feasible over the course of these Chapter 11 Cases, including but not limited to the following:

    a. Review and analyze financial information prepared by the Debtors, including, but not limited to, analyses of cash receipts and disbursements, and financial reporting, including budgets and forecasts.

    b. Review and analyze proposed transactions for which the Debtors seek Court approval.

    c. Assist in the review of reports or filings as required by the Court or the U.S. Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports.

d.      Evaluate proposed employee incentive, retention, severance and separation plans.

e.      Assist with identifying and implementing potential budgetary cost containment opportunities.

f.      Analyze assumption and rejection matters with respect to executory contracts and leases.

g.      Review and analyze any restructuring, liquidation or chapter 11 plan proposed by the Debtors or any other party, and assist the Committee with evaluating and negotiating terms and conditions of any restructuring, liquidation or chapter 11 plan.

h.      Review and analyze: (a) proposed business plans and assumptions related thereto and (b) financial condition, results from operations and cash flow from operations.

i.      Assist in the evaluation of the Debtors' proposed sales of operations and assets in connection with their proposed Bankruptcy Code section 363 sale(s).

j.      Prepare enterprise, asset and liquidation valuations.

k.      Assist in preparing documents necessary for plan confirmation.

l.      Provide advice and assistance to the Committee in negotiations and meetings with the Debtors and stakeholders.

m.      Attend meetings and teleconferences with, and on behalf of, the Committee.

n.      Assist with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity and associated recoveries.

o.      Analyze the Debtors' prepetition property, liabilities and financial condition (including analyzing potentially unencumbered assets), and the transfers with and among Debtors' affiliates.

p.      Investigate causes of action and other items as directed by the Committee and provide litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters.

q.      Such other functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

12.     As set forth in the Bouley Declaration, the Committee understands that Huron will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of the Court, both in connection with any monthly fee statements and the interim and final fee applications to be filed by Huron in these Chapter 11 Cases.

13.     Huron has agreed to provide services to the Committee as a financial advisor on an hourly fee basis.  Huron understands that its fees and costs are subject to approval by the Court on notice to creditors with an opportunity for a hearing.  No party has guaranteed the fees and costs that will be incurred by Huron.

14.     The Committee requests that Huron be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Huron incurs in accordance with the ordinary and customary rates, which are in effect on the date the services are rendered.

15.     Huron has agreed to charge the following hourly rates:

| Personnel | Hourly Billing Rate |
|---|---|
| Managing Director | $1,075 - $1,400 |
| Senior Director | $975 - $985 |
| Director | $825 - $825 |
| Manager | $675 - $675 |
| Associate | $550 - $550 |
| Analyst | $475 - $475 |

16.     Huron reviews and revises its billing rates on January 1 of each year.  Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates become effective.

## INDEMNIFICATION

17.     In addition to the foregoing, and as a material part of the consideration for the agreement of Huron to furnish services to the Committee pursuant to the terms of this Application, Huron believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

    a.     To the fullest extent permitted under applicable law, the Debtors agree to indemnify and hold Huron and its personnel, agents, and contractors harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against us by a third party, including a subpoena or court order, arising from or relating to any services that the Debtors use or disclose, or this engagement generally.  This indemnity shall not apply to the extent a claim arises out of Huron's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self dealing, as finally adjudicated by a finder of fact.

    b.     Huron will not be liable for any special, consequential, incidental, indirect, or exemplary damages or loss (nor any lost profits, savings, or business opportunity).  Further, Huron's liability relating to this engagement will in no event exceed an amount equal to the fees (excluding taxes and expenses) it  receives from the Debtors for the portion of the services giving rise to such liability.

    c.     Neither party will be liable to the other for any delays or failures in performance due to circumstances beyond its reasonable control.

## NO ADVERSE INTEREST

18.     The Committee believes that Huron has no connection with the Debtors, their creditors or other parties in interest, except as otherwise set forth in the Bouley Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Bouley Declaration, Huron does not represent any other entity having an adverse interest in connection with these Chapter 11 Cases.

19.     To the best of the Committee's knowledge and based upon the Bouley Declaration: (a) Huron's connections with the Debtors, creditors, any other party in interest, or their respective

attorneys are disclosed on **Schedule 1** attached hereto; and (b) the Huron professionals working on this matter are not relatives of the United States Trustee or any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware. Except as may be set forth in the Bouley Declaration, Huron has not provided and will not provide any professional services to the Debtors, any of the creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 Cases.

20. Huron has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, Huron will supplement its disclosure to this Court.

21. Huron has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## BASIS FOR RELIEF

22. The Committee seeks approval of this Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of Huron by the Committee is reasonable and in line with the terms and conditions typical for engagements of this size and character.

23. In addition, Bankruptcy Code section 328(a) provides that the Committee, subject to Court approval, "may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

24. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

25. The Committee and Huron respectfully submit that the terms of Huron 's retention are customary and reasonable for financial advisor engagements, both out of court and in comparable chapter 11 cases. Accordingly, for all of the reasons set forth herein and in the Marcero Declaration, the retention of Huron as financial advisor to the Committee is warranted and should be approved.

## *NUNC PRO TUNC* RETENTION

26. The Committee believes that the employment of Huron, *nunc pro tunc* to March 19, 2025, the date the Committee selected Huron as its proposed financial advisor, is warranted under the circumstances of these Chapter 11 Cases. Upon its selection, the Committee requested that Huron commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, Huron has provided, and will continue to provide, valuable services to the Committee.

## NOTICE

27. The Committee will provide notice of this Application to: (a) the U.S. Trustee; (b) counsel to the Debtors; and (c) all parties requesting service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

**NO PRIOR REQUEST**

28.     No previous application for the relief requested herein has been made to this or any

other court.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests the Court (a) enter an order,

substantially in the form of Order atttached hereto as **Exhibit A**, authorizing the Committee to

retain and employ Huron as financial advisor to the Committee *nunc pro tunc* to March 19, 2025

and (b) provide the Committee with such other and further relief as the Court may deem just,

proper and equitable.

Dated:  April 18, 2025

<div style="margin-left:40%">

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
AZZUR GROUP HOLDINGS LLC, *ET AL.***

*/s/ Anna Walker*

By:  Anna Walker on behalf of Thomas Scientific
Inc., acting solely in its capacity as Chair of the
Official Committee of Unsecured Creditors of
Azzur Group Holdings LLC, *et al.*

</div>

## <u>Schedule 1</u>

Huron has or had business relationships with, currently renders, or has previously rendered services in matters unrelated to these Chapter 11 Cases for the following entities:

[Redacted]

**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-10342 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No. ____** |

## ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AZZUR GROUP HOLDINGS, LLC, *ET AL.* TO RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MARCH 19, 2025

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors (the "Committee") of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of

the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of

Huron Consulting Services LLC ("Huron"), as financial advisor to the Committee, *nunc pro tunc*

to March 19, 2025; and upon the Bouley Declaration; and the United States District Court for the

District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was

referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference*

from the United States District Court for the District of Delaware, dated February 29, 2012; and

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

the Court may enter a final order consistent with Article III of the United States Constitution; and

the Court having found that venue of this proceeding and the Application in this district is proper

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Committee's notice

of the Application and opportunity for a hearing on the Application were appropriate and no other

notice need be provided; and the Court having reviewed the Application; and after due deliberation

and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  The Application is GRANTED as set forth herein.

2.  The Committee is hereby authorized to employ and retain Huron as financial

advisor to the Committee, pursuant to sections 327, 328(a), and 1103(a) of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of March 19, 2025.

3.  The indemnification provisions included in the Application are approved, subject

to the following:

> a.  Huron shall not be entitled to indemnification, contribution or reimbursement for services rendered during the Chapter 11 Cases, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;
>
> b.  The Debtors shall have no obligation to indemnify Huron, or provide contribution or reimbursement to Huron, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Huron's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors alleges the breach of Huron's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination of the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the this Application as modified by this Order; and
>
> c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Huron believes that it is entitled to the payment of

any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Application and this Order, including without limitation the advancement of defense costs, Huron must file an application therefore in this Court, and the Debtors may not pay any such amounts to Huron before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Huron. All parties in interest shall retain the right to object to any demand by Huron for indemnification, contribution or reimbursement.

4. Huron shall not receive payment of attorney fees or expenses for defending its fee applications in these Chapter 11 Cases, absent further order of the Court.

5. Notwithstanding anything to the contrary in the Application , during the course of these Chapter 11 Cases, Huron shall not unilaterally terminate its engagement absent prior approval of the Court.

6. Notwithstanding anything to the contrary in the Application , during the course of these Chapter 11 Cases, Huron shall have whatever fiduciary duty is imposed upon it by applicable law.

7. Huron shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable and any applicable orders and procedures of this Court, including all information and time keeping requirements.

8. Huron shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file a notice setting forth any such increases with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth

in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

9. The Committee and Huron are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. If there is any inconsistency between the terms of the Application, the Bouley Declaration and this Order, this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Exhibit B**

**Bouley Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-10342 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF RYAN BOULEY IN SUPPORT OF
### THE APPLICATION OF THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS OF AZZUR GROUP HOLDINGS, LLC, *ET AL.*
### TO RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC
### AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MARCH 19, 2025

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Ryan Bouley, declare under penalty of perjury that:

1.      I am a Managing Director of Huron Consulting Services LLC ("Huron"), a professional services firm with numerous offices throughout the country. I am duly authorized to make this declaration (the "Declaration") on behalf of Huron.

2.      This Declaration is being submitted in support of the *Application of the Official Committee of Unsecured Creditors of Azzur Group Holdings, et al. to Retain and Employ Huron Consulting Services LLC as Financial Advisor, Nunc Pro Tunc to March 19, 2025* (the "Application").

3.      I have personal knowledge of each of the facts stated in this verified statement, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I would testify as to the matters set forth below

---

[1]     A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur.  The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

based upon my personal knowledge.  To the extent that I obtain additional information, which requires further disclosure or modification, a supplemental statement will be submitted to the Court.

4.      Neither I nor, to the best of my knowledge, any other member or employee of Huron had any business, or other connection, with the Debtors, their attorneys, investment banker or financial advisor, or any other party in interest, except as disclosed herein and in the Application. Huron is disinterested as defined by Bankruptcy Code section 101(14) and does not have or represent an interest materially adverse to the interest of the estates or of any class of creditors.

5.      Specifically, Huron obtained from the Debtors the names of individuals and entities that may be parties in interest in these Chapter 11 Cases (the "Potentially Interested Parties List"). The Potentially Interested Parties List is attached to the Debtors' application to employ and retain counsel.  *See* Docket No. 105 (filed under seal); Docket No. 109-2 (redacted).

6.      Huron has represented, represents and in the future will likely represent, committees in matters unrelated to the Debtors and these Chapter 11 Cases, whose members are or may be creditors and/or committee members in these Chapter 11 Cases.  Huron, however, is not representing any of those entities in these Chapter 11 Cases and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtors.

7.      Huron's conflict analysis, completed under my supervision, consisted of queries of an internal computer database containing names of individuals and entities that are present or recent former clients of Huron in order to identify relationships with the Potentially Interested Parties.

8.      Huron is not providing, and will not provide, services to any of the clients that are listed on the Potentially Interested Parties List with respect to matters as to which they would be adverse to the Debtors or their estates or related to issues connected to these Chapter 11 Cases. Huron has provided, and likely will continue to provide, services unrelated to these Chapter 11 Cases for certain parties listed on the Potentially Interested Parties List.  Huron's provision of services to these Potentially Interested Parties primarily has involved the provision of consulting services.  To the best of my knowledge, information and belief:  (a) Huron's services to these parties were and are wholly unrelated to the Debtors, their estates and these Chapter 11 Cases; (b) Huron has not provided services to these parties that could impact their rights in these Chapter 11 Cases; and (c) Huron's involvement in these Chapter 11 Cases does not compromise its ability to continue providing such consulting services to these Potentially Interested Parties.

9.      Moreover, as part of its diverse practice, Huron appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and Potentially Interested Parties in these Chapter 11 Cases.  Additionally, Huron has performed in the past, and may perform in the future, consulting services for various attorneys and law firms in the legal community and has been represented by several attorneys and law firms in the legal community, some of whom may be involved in these Chapter 11 Cases.  Moreover, Huron has in the past, may currently and will likely in the future be working with or against other professionals involved in these Chapter 11 Cases on matters unrelated to the Debtors or these Chapter 11 Cases.  Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships create interests materially adverse to the Debtors with respect to the matters for which Huron is to be employed, and none are in connection with these Chapter 11 Cases.

10. Although Huron has researched the Potentially Interested Parties list, the Debtors may have customers, creditors, competitors and other parties with whom they maintain business relationships that are not included as Potentially Interested Parties and with whom we may maintain business relationships. Other than as disclosed herein, Huron has no relationship with the Debtors of which I am aware after due inquiry.

11. To the best of my knowledge, no professional of Huron who will work on these engagements are related or connected to any United States Bankruptcy Judge for the District of Delaware, any District Judge for the District of Delaware or any employee of the U.S. Trustee.

12. I have read the statements contained in the Application. To the best of my knowledge, the statements are true and correct, including statements made therein regarding Huron's qualifications and compensation rates.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsifications to authorities.

Dated: April 18, 2025

<div style="text-align:right">

*/s/ Ryan Bouley*
Ryan Bouley
Managing Director
Huron Consulting Services LLC

</div>