**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I. 105, 108, 109, 320, & 616** |

**THIRD SUPPLEMENTAL DECLARATION OF
STUART M. BROWN ON BEHALF OF DLA PIPER LLP (US)**

Pursuant to rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and rule 2014-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), I, Stuart M. Brown, declare that the following is true to the best of my knowledge, information and belief:

1. I am an attorney at law admitted and in good standing to practice in the states of Delaware and New Jersey, and the Commonwealth of Pennsylvania.

2. I am a partner in the law firm DLA Piper LLP (US) ("DLA Piper"), located at, among other locations, 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, and am duly authorized to make this declaration on behalf of DLA Piper (this "Third Supplemental Declaration").

3. On March 2, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of 11 U.S.C. sections 101 *et seq.* (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The mailing address for the Debtors is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On March 14, 2024, the United States Trustee for the District of Delaware for District 3 ("U.S. Trustee") appointed an official committee of unsecured creditors [D.I. 99] (the "Committee"). On May 14, 2025, the U.S. Trustee filed an *Amended Notice of Appointment of Committee of Unsecured Creditors* [D.I. 541].

4. On March 14, 2025, the Debtors filed an application to employ and retain DLA Piper as counsel for the Debtors [D.I. 109] (the "Application"). My declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B. Subsequently, on March 31, 2025, the Debtors filed my first supplemental declaration [D.I. 320] (the "First Supplemental Declaration").

5. On April 1, 2025, the Court entered the *Order (I) Authorizing the Debtors to Retain and Employ DLA Piper LLP (US) as Counsel, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. 326] (the "Retention Order").

6. On May 28, 2025, the Debtors filed my second supplemental declaration [D.I. 616] (the "Second Supplemental Declaration").

7. I submit this Third Supplemental Declaration in support of the Application and to supplement the disclosures set forth in the Original Declaration, the First Supplemental Declaration and the Second Supplemental Declaration in accordance with Bankruptcy Rules 2014(a) and 2016(b), Local Rule 2014-1, and the Retention Order. Except as otherwise indicated herein, all facts stated in this Third Supplemental Declaration are based on my personal knowledge of the firm's operations and finances, information learned from my review of relevant documents, and information supplied to me by DLA Piper's partners or employees. If called upon to testify, I could and would testify on that basis.

**SUPPLEMENTAL DISCLOSURE**

8. In connection with its retention by the Debtors in these chapter 11 cases, DLA Piper undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, DLA Piper obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Interested Parties") and such parties were listed on Schedule 1 to the Original Declaration. The results of the conflicts check were compiled and analyzed by DLA Piper attorneys acting under my supervision and were set forth in Schedule 2 to the Original Declaration.

9. DLA Piper monitors whether there are any changes to previously disclosed connections that need to be further supplemented. In the list of Interested Parties attached as Schedule 1 to the Original Declaration, Duke Energy was listed as a utility provider to the Debtors. At the time of the Original Declaration, Duke Energy was not a client or former client of DLA Piper and, therefore, not included in Schedule 2 to the Original Declaration. I have been made aware that Duke Energy is now a current client on matters unrelated to the Debtors or this chapter 11 case.

10. None of the representations of parties described in this Third Supplemental Declaration is materially adverse to the interests of the Debtors' estates. Moreover, under section 327(c) of the Bankruptcy Code, DLA Piper is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors, equity security holders, or other Interested Parties in matters unrelated to these chapter 11 cases.

11. Since the Petition Date, DLA Piper has periodically reviewed the original conflicts searches and searched additional parties as DLA Piper has become aware of potential additional

Interested Parties in these chapter 11 cases. These additional searches yielded no further relevant connections to disclose. DLA Piper will continue to update its disclosures as necessary and when DLA Piper becomes aware of new material information.

12. Based on the information available to me at this time, I believe that DLA Piper is still a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and that DLA Piper does not hold or represent an interest adverse to the Debtors' estates, as required by section 372(a) of the Bankruptcy Code. DLA Piper will continue to comply with its ongoing duty to notify this Court if any actual conflict arises, and if necessary, arrange for an "ethical wall" with respect to any DLA Piper attorneys who work on the matter. This Third Supplemental Declaration constitutes the statement of DLA Piper, pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2025
    Wilmington, Delaware

                                        */s/ Stuart M. Brown*
                                        Stuart M. Brown, Partner
                                        DLA Piper LLP (US)
                                        1201 North Market Street
                                        Wilmington, Delaware 19801