IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AZZUR GROUP HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10342 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: Oct. 7, 2025, at 9:30 a.m. (ET)<br>Objection Deadline: September 26, 2025, at 4:00 p.m. (ET)<br>Related D.I. 727 |

**OBJECTION OF THE DEBTORS
TO THE UNITED STATES TRUSTEE'S
MOTION TO COMPEL DEBTORS TO FILE AN
AMENDED PLAN AND/OR REVISED, PROPOSED CONFIRMATION
ORDER IN RESPONSE TO THE BANKRUPTCY COURT'S MAY 20, 2025
RULINGS ON THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER
11 PLAN OF AZZUR GROUP HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

Azzur Group Holdings LLC and its affiliated debtors (the "Debtors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") in opposition to the *United States Trustee's Motion to Compel Debtors to File an Amended Plan and/or Revised, Proposed Confirmation Order in Response to the Bankruptcy Court's May 20, 2025 Rulings on the Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and its Affiliated Debtors* [D.I. 727] (the "Motion") and respectfully state as follows:

1. Throughout these chapter 11 cases, the Debtors have engaged constructively with the official committee of unsecured creditors (the "Committee"), M&T Bank in its capacities as prepetition and postpetition secured lender ("M&T"), the United States Trustee (the "U.S.

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur. The mailing address for the Debtors is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

1623910510.2

Trustee"), and various other parties in interest to reach consensus as to key issues, to maximize recoveries for all creditors and to reach a consensual resolution to these cases.[2]

2.  The Debtors understand the U.S. Trustee's frustration with the pace of the settlement negotiations between the Debtors, the Committee, M&T, and multiple other parties in interest following the Court's confirmation ruling. Those hard-fought negotiations have been arms' length and undertaken in good faith. They involved complex issues and multi-party consensus—including sometimes opposing goals, engagement with parties overseas, and other expedited litigation over the summer that tied up various stakeholders.

3.  The Debtors' efforts have been successful. Those negotiations have yielded a global settlement supported by the Committee, M&T, and more than 15 additional settling parties. The global settlement generates additional cash recoveries for general unsecured creditors and facilitates an agreed path forward to conclude these chapter 11 cases. The Debtors have shared the global settlement terms with the U.S. Trustee and are collecting its feedback.

4.  The Debtors anticipate filing appropriate pleadings that implement the global settlement in short order. Compromises are generally preferred in bankruptcy,[3] and settlements "are generally favored and, in fact encouraged, in bankruptcy proceedings".[4] Allowing the Debtors more time to finalize and file the global settlement furthers this important bankruptcy

---

[2] *In re Indianapolis Downs, LLC*, 486 B.R. 286, 297 (Bankr. D. Del. 2013) ("[T]he filing of a Chapter 11 petition is an invitation to negotiate. Congress has carefully calibrated the Chapter 11 process – using the automatic stay, exclusivity, the right of secured creditors to adequate protection and a host of other statutory provisions – to provide stakeholders with leverage or bargaining chips to advance their respective agendas. The purpose, at bottom, is to permit parties to have a voice and to make their own economic decisions.").

[3] *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (finding that compromises help expedite case administration and minimize litigation).

[4] *In re TSIC, Inc.*, 393 B.R. 71, 78 (Bankr. D. Del. 2008).

1623910510.2

objective. Such filing will, in the Debtors' view, moot the relief requested in the Motion. The Court can deny the relief requested on that basis alone.

5.  In any event, the U.S. Trustee cites to no legal authority in the Motion that supports the unprecedented notion that it ***can compel*** a debtor to file a chapter 11 plan by date certain. Section 1121 of the Bankruptcy Code, for example, stands for the opposite proposition—establishing that the Debtors have exclusivity to file a plan in these chapter 11 cases as, how, and when they see fit. For the reasons set forth herein, the Court can dispose of the Motion without addressing the legal authority issues, which the Debtors dispute.

6.  While pursuing settlement negotiations over the last few months, the Debtors have significantly reduced their operations in order to preserve estate assets. The Debtors have laid off all remaining employees, are not paying utilities, rent or other operating expenses since the Debtors' operating assets have all been sold, and have instructed their professionals to minimize expenses and divert all their attention to reaching a settlement. Affording the Debtors space to finalize the global settlement discussions with the U.S. Trustee will therefore not prejudice any of the estates' creditors but rather serves the best interests of creditors.

WHEREFORE, for the aforementioned reasons, the Debtors respectfully request that the Court (i) deny the Motion; and (ii) grant such other and further relief as the Court deems just and proper.

[*Signature page follows*]

| | |
|---|---|
| Dated: September 26, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>_/s/ Stuart M. Brown_<br>Stuart M. Brown (DE 4050)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2462<br>Email:   stuart.brown@us.dlapiper.com<br><br>- and -<br><br>W. Benjamin Winger (admitted _pro hac vice_)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>Telephone: (312) 368-4000<br>Facsimile: (312) 236-7516<br>Email:   benjamin.winger@us.dlapiper.com<br><br>_Counsel to the Debtors_ |

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2025, I caused a copy of the foregoing *Objection of the Debtors to the United States Trustee's Motion to Compel Debtors to File an Amended Plan and/or Revised, Proposed Confirmation Order in Response to the Bankruptcy Court's May 20, 2025 Rulings on the Combined Disclosure Statement and Joint Chapter 11 Plan of Azzur Group Holdings LLC and Its Affiliated Debtors* to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware.

    /s/ Stuart M. Brown
    Stuart M. Brown