# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | Case No. 25-10342 (KBO) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF M. BENJAMIN JONES IN SUPPORT OF GLOBAL SETTLEMENT AND CONFIRMATION OF AGREED CHAPTER 11 PLAN**

I, M. Benjamin Jones, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer ("CRO") of Azzur Group Holdings LLC and its direct and indirect affiliates and subsidiaries that are debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases. In my capacity as CRO of the Debtors, I have personal knowledge of the facts in this matter, or have relied in part on information and materials that personnel, agents, and advisors of the Debtors and Ankura Consulting Group, LLC ("Ankura") have gathered, prepared, verified, and provided to me, in each case, under my supervision, at my direction, and for my use in preparing this declaration (this "Declaration"). I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called to testify, I could and would competently testify to the facts set forth herein.

2. On May 16, 2025, I submitted that certain declaration [D.I. 566] in support of the approval and confirmation of the *First Amended Combined Disclosure Statement and Joint*

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Azzur.  The mailing address for the Debtors is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

*Chapter 11 Plan of Azzur Group Holdings LLC and its Affiliated Debtors* [D.I. 531] (as may be amended, supplemented, or otherwise modified from time to time the "Combined Disclosure Statement and Plan").[2] My background and qualifications are set forth in such declaration and incorporated herein by reference in their entirety.

3. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with those reporting directly to me, my review of relevant documents and contemporaneous business records regularly kept and maintained by the Debtors, or my experience and knowledge of the industry and of the Debtors' operations and financial condition, and information provided to me by management, advisors, counsel, agents, employees, or other representatives of the Debtors. For the avoidance of doubt, I do not, and do not intend to, waive the attorney-client privilege or any other applicable privilege by submitting this Declaration.

4. I submit this Declaration in further support of the Combined Disclosure Statement and Plan and the Global Settlement.

5. On May 20, 2025, the Court indicated that it would not confirm the Plan as then proposed. Specifically, the Court sustained the U.S. Trustee's Objection to Confirmation of the Plan on the grounds, inter alia, that the Debtors' release failed to include a bad acts carve-out. After that confirmation ruling, each of the Debtors, the Committee, the Settling Released Parties,[3] M&T, and the Debtors' and the Committee's Retained Professionals (collectively, the "Global Settlement Parties") engaged in months of good faith, hard fought, arms'-length negotiations regarding an acceptable chapter 11 plan and conclusion of these chapter 11 cases. The Global

---

[2] Capitalized terms used but not defined herein shall have the meanings provided to them in the Combined Disclosure Statement and Plan.

[3] For purposes of this Declaration, "Settling Released Parties" means (i) Michael Khavinson, (ii) Gary Knight, (iii) Joe Perrotto, (iv) Rob Ospalik, (v) John Riddle, (vi) Brett Tucker, (vii) David Schroeder, (viii) Yotomachi LLC, (ix) Azzur Blocker LLC, (x) G. Knight Consulting Ltd., (xi) BGL Azzur, (xii) Ryan Ott, (xiii) Ilya Vasserman, and (xiv) M. Benjamin Jones, together with each of their respective Related Parties.

Settlement Parties exchanged multiple rounds of negotiated terms. Those negotiations culminated in a global settlement that provides for incremental cash consideration from the Settling Released Parties in exchange for the Debtor Release and other agreed Plan modifications to fund the General Unsecured Claims Recovery, an agreed framework to administer the Plan, and related matters, the substance of which is set forth below (collectively, the "Global Settlement Terms").

- **Additional Cash Contribution to Class 4 General Unsecured Recovery**. Section 3.3 of the Plan shall be modified to provide that, upon the Effective Date of the Plan, the Settling Released Parties shall contribute or cause to be contributed Cash in an aggregate amount of $790,000 (the "Additional Settlement Amount") to fund the General Unsecured Claims Recovery for the benefit of Holders of Allowed Class 4 Claims. The Additional Settlement Amount shall be added to the Class 4 Settlement Amount (if any) that is available for Distributions of Cash to Holders of Allowed Class 4 General Unsecured Claims pursuant to the M&T-UCC Settlement. The Additional Settlement Amount shall be deposited in the Post Effective Date Reserve to be held in trust for Distributions of Cash to Holders of Allowed Class 4 General Unsecured Claims as part of the General Unsecured Claims Recovery.

- **M&T-UCC Settlement Proceeds**. The Class 4 Settlement Amount (except for the Additional Settlement Amount), inclusive of amounts necessary to pay the allowed fees and expenses of the Committee's retained professionals, shall remain deposited in the trust account of the Committee's bankruptcy counsel pursuant to that certain *Order Approving Stipulation Between Official Committee of Unsecured Creditors and Manufacturers and Traders Trust Company Regarding Remittance of Portion of UCC Settlement Carveout* [D.I. 690]. After payment of the Allowed fees and expenses of the Committee's retained professionals, the remainder of the Class 4 Settlement Amount, if any, shall be deposited in the Post Effective Date Reserve to be held in trust for Distributions of Cash to Holders of Allowed Class 4 General Unsecured Claims.

- **Claims Waiver**. Each of the Debtors, the Settling Released Parties, M&T, and the Debtors' and Committees' retained professionals shall waive their respective entitlements (if any) to any Distribution from the Additional Settlement Amount. Each of the Debtors, the Settling Released Parties, M&T, and the Debtors' retained professionals shall waive their respective entitlements (if any) to any Distribution from the M&T-UCC Settlement proceeds. Further, the Debtors' professionals shall not seek payment on account of allowed fees and expenses from amounts allocated to the Committee's professionals in the DIP Budget or the M&T-UCC Settlement. And the Committee's professionals shall not seek payment on account of allowed fees and expenses from amounts allocated to the Debtors' professionals in the DIP Budget.

- **Plan Administrator**. The Plan Administrator shall be Maria Yip of Yip Associates, or as otherwise selected by the Committee or, after the dissolution of the Committee if a successor Plan Administrator needs to be named, the Bankruptcy Court. The Plan

      Administrator shall be compensated at their regular hourly rate and shall administer the Plan in accordance with the Wind-Down Budget, in each case as attached to the proposed Confirmation Order.

- **Knight Promissory Note**. Collection of that certain secured promissory noted, dated December 22, 2021, by and between Gary Knight and Debtor Azzur Group Holdings, LLC ("Gary Knight Secured Promissory Note") shall not be pursued by the Debtors, Wind-Down Debtor, the Plan Administrator, or M&T. Each of the Debtors, Wind-Down Debtor, the Plan Administrator, and M&T covenant and agree not to seek any collection or enforcement in any respect of the Gary Knight Secured Promissory Note, which shall be deemed abandoned and of no further force and effect upon the dissolution of the Wind-Down Debtor.

- **Conditions Precedent to Effective Date & Global Settlement**. Section 11.1 of the Plan shall be modified to provide that the Court shall have entered the Confirmation Order, which shall incorporate the Global Settlement Terms and be in form and substance acceptable to each of the Global Settlement Parties.

6. The Global Settlement Parties have negotiated an agreed form of proposed Confirmation Order, filed contemporaneously herewith, that gives effect to the Global Settlement through agreed modifications to the Plan. The Debtors also shared the proposed form of order with the U.S. Trustee and have incorporated certain feedback provided by them. As of the date hereof, the U.S. Trustee has requested that the Debtors provide additional evidentiary record in support of the form of Debtor Release that underpins the Global Settlement.

7. I believe that the Global Settlement—which is supported by the Committee, M&T, and more than 14 other key stakeholders—is fair, reasonable, and in the best interests of the Debtors' estates. I believe that the Global Settlement is value-maximizing and fairly balances potential claims (if any) against the Settling Released Parties, available defenses, likelihood of success, the cost(s) of prosecuting such claims, available insurance, the risks of collection, the inherent uncertainty of litigation, and related considerations against the relative contributions of such settling parties, including the aggregate cash contribution of $790,000. The Global Settlement, furthermore, represents an agreed path forward to confirm, consummate, and administer the Plan—including distributions to creditors and the conclusion of these chapter 11

4

cases. I understand the Plan, as modified by the Global Settlement, enjoys widespread support and faces no opposition. The U.S. Trustee requested an additional evidentiary record described herein based on the Court's ruling on the U.S. Trustee's Objection concerning the Debtors' release.

8. M&T, which holds Allowed DIP Claims and Allowed Class 3 M&T Claims, and the Committee, which I understand acts as a fiduciary for holders of Allowed Unsecured Claims, represent the primary economic stakeholders in these chapter 11 cases. Each is a Global Settlement Party that actively participated in the formulation of the agreed Plan.

9. The Settling Released Parties have indicated that they would not agree to the Global Settlement—including the aggregate cash contribution of $790,000—without receiving the benefit of the Debtor Release, as drafted, and other agreed Plan modifications as proposed. Entry of the Confirmation Order, as proposed by the Global Settling Parties, is a condition precedent to consummating the agreed Plan. I have been advised that courts in this district and others have approved releases that did not carve out claims for fraud or "bad acts," including as Judge Sontchi held in *Energy Future Holding* while overruling an objection of the U.S. Trustee: "[w]hile such carve outs are necessary in connection with exculpation, and are common in releases, they're not actually required for the [c]ourt to approve a release. Requiring this carve out would weaken the settlement that is at the heart of the plan."[4] I understand that there is no per se rule requiring any such carve outs for the Debtor Release.

10. I believe that the Combined Disclosure Statement and Plan—after giving effect to the Global Settlement—will enable the Holders of Allowed Claims to realize the highest possible recoveries under the circumstances of these chapter 11 cases. I therefore conclude that the

---

[4] *In re Energy Future Holding Corp.*, Case No. 14-10979 (CSS), Hr'g Tr. At 69 (Bankr. D. Del. Dec. 3, 2015).

Combined Disclosure Statement and Plan is in the best interests of all creditors and respectfully request that the Court enter an order confirming the Combined Disclosure Statement and Plan.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   October 2, 2025

                                           */s/  M. Benjamin Jones*
                                           M. Benjamin Jones
                                           Senior Managing Director
                                           Ankura Consulting Group, LLC