IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-10342 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: December 9, 2025 at 4:00 p.m. ET**
**Hearing Date: December 17, 2025 at 2:00 p.m. ET**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM MARCH 19, 2025 THROUGH OCTOBER 21, 2025**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of March 19, 2025 by order signed May 16, 2025 |
| Period for which Compensation and Reimbursement is Sought: | March 19, 2025 through October 21, 2025[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,680,684.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   16,914.59 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | As disclosed in its retention application the Firm's standard hourly rates are subject to periodic adjustment. The actual rates charged are disclosed herein and in the attached invoice |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur. The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 22 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | ($19,315.50) |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 10 |

This is a:      ☐monthly      ☐ interim      ☒final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $2,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,950.00 | 1.10 | $    2,145.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,725.00 | 144.20 | $248,745.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,875.00 | 10.00 | $ 18,750.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,525.00 | 141.00 | $215,025.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,075.00 | 192.90 | $400,267.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,725.00<br>$   862.50 | 121.50<br>13.00 | $209,587.50<br>$ 11,212.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,350.00 | 56.90 | $ 76,815.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $1,325.00 | 99.60 | $131,970.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,425.00 | 37.30 | $ 53,152.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,295.00 | 115.70 | $149,831.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,850.00 | 22.60 | $ 41,810.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $1,125.00 | 1.10 | $    1,237.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $   875.00 | 58.80 | $ 51,450.00 |
| Cheryl A. Knotts | Paralegal | $   575.00 | 4.40 | $    2,530.00 |
| Karina K. Yee | Paralegal | $   625.00 | 2.40 | $    1,500.00 |
| Melissa N. Flores | Paralegal | $   625.00 | 45.10 | $ 28,187.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patricia E. Cuniff | Paralegal | $ 625.00 | 0.40 | $ 250.00 |
| Patricia J. Jeffries | Paralegal | $ 650.00 | 4.60 | $ 2,990.00 |
| Leslie A. Forrester | Library | $ 675.00 | 8.60 | $ 5,805.00 |
| Andrea R. Paul | Case Management Assistant | $ 495.00 | 0.60 | $ 297.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 495.00 | 3.90 | $ 1,930.50 |
| Gary L. Arnold | Case Management Assistant | $ 495.00 | 50.90 | $ 25,195.50 |

**Grand Total:** **$1,680,684.50**
**Total Hours:** **1,136.60**
**Blended Rate:** **$1,478.69**

**COMPENSATION BY CATEGORY**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 183.30 | $285,318.50 |
| Bankruptcy Litigation | 312.00 | $465,796.50 |
| Case Administration | 53.60 | $ 30,055.00 |
| Claims Administration and Objections | 6.40 | $   8,020.00 |
| PSZJ Compensation | 1.10 | $   1,237.50 |
| Other Professional Compensation | 0.90 | $   1,002.50 |
| Employee Benefit/Pensions and KEIP/KERP | 20.20 | $ 27,300.00 |
| Contract and Lease Matters | 8.80 | $ 12,165.00 |
| Financial Filings | 4.00 | $   5,352.50 |
| Financing/Cash Collateral/Cash Management | 80.60 | $129,486.00 |
| General Business Advice | 1.10 | $   2,145.00 |
| General Creditors Committee | 34.40 | $ 51,370.00 |
| Insurance Coverage | 0.90 | $   1,215.00 |
| Meeting of and Communications with Creditors | 0.50 | $     662.50 |
| Operations | 0.60 | $     810.00 |
| Plan and Disclosure Statement | 358.90 | $580,633.00 |
| Plan Implementation | 4.70 | $   7,802.50 |
| PSZJ Retention | 8.50 | $   7,855.00 |
| Other Professional Retention | 41.90 | $ 49,440.50 |
| Stay Litigation | 0.40 | $     725.00 |
| Tax Issues | 0.80 | $   1,080.00 |
| Travel | 13.00 | $ 11,212.50 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Attorney Service | Taxi Service; SFO Parking | $ 148.60 |
| Auto Travel Expense | Uber | $ 87.09 |
| Bloomberg | | $ 134.60 |
| Working Meals | Doordash; El Diablo Market; Jimmy Johns; Casa Nonna; Cavanaughs | $ 142.67 |
| Delivery/Courier Service | Advita | $ 450.00 |
| Court Fees | USDC | $ 100.00 |
| Hotel Expense | Hotel DuPont | $ 473.78 |
| Lexis/Nexis - Legal Research | | $1,332.83 |
| Litigation Support Vendors | Advita | $ 150.00 |
| Pacer - Court Research | | $ 322.40 |
| Postage | | $ 9.12 |
| Reproduction Expense | | $2,070.40 |
| Online Research | Clas Information Services | $2,668.75 |
| Transcript | Reliable Services; Elitigation Services; Planet Depo | $8,824.35 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AZZUR GROUP HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-10342 (KBO) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**Objection Deadline: December 9, 2025 at 4:00 p.m. ET**
**Hearing Date: December 17, 2025 at 2:00 p.m. ET**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
<u>FOR THE PERIOD FROM MARCH 19, 2025 THROUGH OCTOBER 21, 2025</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Official Committee of Unsecured Creditors ("Committee"), hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from March 19, 2025 through October 21, 2025 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $1,680,684.50 and actual and necessary expenses in the amount of $16,914.59 for a

---

[1]  A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.cases.stretto.com/Azzur.  The Debtors' headquarters and the mailing address for the Debtors is 330 South Warminster Road, Suite 341, Hatboro, PA 19040.

total final allowance of $1,697,599.09 and payment of the unpaid portion of such fees and

expenses for the period March 19, 2025 through October 21, 2025 (the "Fee Period"):

**BACKGROUND**

1. On March 2, 2025, the Debtors each filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code commencing these cases.  The Debtors continued in

possession of their property and continued to operate and manage their businesses as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Debtors' chapter 11 cases.  On March 14, 2025, the Office of

the United States Trustee appointed the Committee pursuant to Section 1102 of the Bankruptcy

Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The retention of PSZ&J, as Counsel for the Committee, was approved

effective as of March 19, 2025 by this Court's "Order Authorizing the Employment and

Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of

Unsecured Creditors Effective as of March 19, 2025," signed on or about May 16, 2025 (the

"Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses.

4. Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy

Code must comply with certain requirements of the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11

U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines").  The

Office of the United States Trustee has promulgated forms to aid in compliance with the Revised

UST Guidelines.  Charts and tables based on such forms are attached hereto as exhibits and filled

out with data to the extent relevant to these cases:  Exhibit "A", Customary and Comparable

Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers

Included in this Fee Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit

"D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of

Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee

Application.

**PSZ&J's APPLICATION FOR COMPENSATION AND**
**FOR REIMBURSEMENT OF EXPENSES**
**<u>COMPENSATION PAID AND ITS SOURCE</u>**

5.      By this Application, PSZ&J requests that the Court approve the final

allowance of compensation for professional services rendered and the reimbursement of actual

and necessary expenses incurred by PSZ&J from March 19, 2025 through October 21, 2025.  To

the extent that PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J

reserves the right, and respectfully requests that the Court authorize PSZ&J, to file a

supplemental fee application(s) and submitting a certificate of no objection and order to the

Court for final approval of such fees and expenses as may be reflected in any supplemental fee

application.

6.      At all relevant times, PSZ&J has not represented any party having an

interest adverse to these cases.

7.      At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not held an interest adverse to the interests of the estates or any class of creditors or equity security holders.

8.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee, and not on behalf of the Debtors, any creditor or other person.

9.      PSZ&J did not receive a retainer in this case, and has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners, of counsel, and associates of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

10.      The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as attorneys for the Committee in these chapter 11 cases.  PSZ&J's services have been necessary and beneficial to the Committee, the Debtors and their estates, creditors and other parties in interest.

## **FEE STATEMENTS**

11.      The fee statements for the Fee Period are attached hereto as Exhibit F. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services. The time reports are organized on a daily basis. PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

### ACTUAL AND NECESSARY EXPENSES

12.     A summary of actual and necessary expenses incurred by PSZ&J for the

Fee Period is attached hereto as part of Exhibit F. PSZ&J customarily charges $0.10 per page

for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

13.     PSZ&J charges $0.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes. The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Committee for the receipt of faxes in these cases.

14.     With respect to providers of on-line legal research services (e.g., LEXIS
and WESTLAW), PSZ&J charges the standard usage rates these providers charge for
computerized legal research.  PSZ&J bills its clients the actual amounts charged by such
services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

15.     PSZ&J believes the foregoing rates are the market rates that the majority
of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are
in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the
ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and
other charges.

## SUMMARY OF SERVICES RENDERED

16.     The names of the partners and associates of PSZ&J who have rendered
professional services in these cases during the Fee Period, and the paralegals and case
management assistants of PSZ&J who provided services to these attorneys during the Fee Period,
are set forth in the attached Exhibit A.

17.     PSZ&J, by and through such persons, has prepared and assisted in the
preparation of various motions and orders submitted to the Court for consideration, advised the
Committee on a regular basis with respect to various matters in connection with the Debtors'
bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of

the Debtors' bankruptcy cases.

**SUMMARY OF SERVICES BY PROJECT**

18.     The services rendered by PSZ&J during the Fee Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit F.  Exhibit

F identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

A.     **Asset Disposition**

19.     This category relates to work regarding sales and other asset disposition

issues.  During the Fee Period, the Firm, among other things:  (1) attended to scheduling issues;

(2) reviewed and analyzed a bid procedures motion regarding potential objections, and

performed work regarding an objection to the motion; (3) reviewed and analyzed issues

regarding a bid procedures order; (4) reviewed and analyzed issues regarding a sale incentive

plan motion; (5) performed research; (6) reviewed and analyzed sale materials regarding

potential issues; (7) reviewed and analyzed strategy issues; (8) reviewed and analyzed Asset

Purchase Agreement issues; (9) reviewed and analyzed marketing issues; (10) reviewed and

analyzed CTA issues; (11) performed work regarding a bid procedures issues list; (12) reviewed and analyzed issues regarding a sale bonus plan; (13) performed work regarding an Asset Purchase Agreement issues list; (14) reviewed and analyzed severance issues; (15) reviewed and analyzed reservation of rights issues; (16) performed work regarding an objection to the motion to approve sale incentive plan; (17) prepared for and attended a telephonic conference on March 25, 2025 with Debtor professionals and Huron regarding sale issues; (18) performed work regarding an objection to the stalking horse sale and Asset Purchase Agreement; (19) reviewed and analyzed issues regarding the scope of preferences being acquired in the stalking horse transaction; (20) reviewed and analyzed a potential purchaser's response to the bid procedures issues list; (21) performed work regarding negotiations; (22) attended to timing issues; (23) reviewed and monitored issues regarding the sale incentive plan status; (24) reviewed and analyzed issues regarding the language for the bid procedures order and discussed such issues with stalking horse counsel; (25) reviewed and analyzed documents and pleadings regarding an analysis of equity holders and the parties involved in a potential sale; (26) prepared for and attended a hearing on March 27, 2025 regarding bid procedures issues; (27) reviewed and analyzed issues regarding revisions to the bid procedures motion and proposed order; (28) performed work regarding a notice of withdrawal of the Committee objection to the sale incentive plan; (29) reviewed and analyzed issues regarding a post-hearing revised bid procedures order; (30) performed work regarding revisions to the reservation of rights relating to bid procedures issues; (31) reviewed and analyzed the revised sale incentive plan; (32) reviewed and analyzed issues regarding Asset Purchase Agreement schedules; (33) reviewed and analyzed

sale objection issues; (34) performed work regarding an Asset Purchase Agreement issues list; (35) performed work regarding revisions to a sale objection; (36) reviewed and analyzed benefits issues and sale-related representations; (37) reviewed and analyzed bidding issues; (38) reviewed and analyzed COD bids; (39) reviewed and analyzed issues regarding letters of intent related to the COD business; (40) reviewed and analyzed sale-related consulting issues; (41) performed work regarding hearing argument points and cross-examination questions; (42) reviewed and analyzed issues regarding updated bid letters; (43) reviewed and responded to a revised MidCap letter of intent; (44) reviewed and analyzed issues regarding the MidCap and Editas transactions; (45) reviewed and analyzed a proposed Asset Purchase Agreement for the COD business; (46) reviewed and analyzed schedules related to COD; (47) reviewed and analyzed issues regarding a COD sale order; (48) performed work regarding sale-related strategy issues; (49) reviewed and analyzed objections to the proposed COD sale; (50) performed work regarding revisions to the proposed COD sale order; (51) reviewed and analyzed issues regarding the treatment of avoidance actions under the COD Asset Purchase Agreement; (52) performed work regarding an escrow agreement; (53) reviewed and analyzed sale closing issues; and (54) corresponded and conferred regarding asset disposition issues.

Fees:  $285,318.50;   Hours:  183.30

### B.    Bankruptcy Litigation

20.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed the docket and notices regarding Second Day Hearing issues; (2) maintained a work-in-

progress memorandum; (3) reviewed and analyzed the First Day hearing transcript; (4) reviewed and analyzed scheduling and deadline issues; (5) reviewed and analyzed issues regarding First Day motions and orders; (6) performed work regarding a notice of appearance; (7) reviewed and analyzed strategy issues; (8) performed work regarding an emergency motion to adjourn hearing; (9) performed work regarding Agenda Notices and Hearing Binders; (10) reviewed and analyzed issues regarding a First Day declaration; (11) reviewed and analyzed issues regarding Second Day motions and orders; (12) performed work regarding a summary memorandum relating to First Day motions and orders; (13) reviewed and analyzed confidentiality issues; (14) performed work regarding *pro hac vice* motions; (15) performed work regarding comments to the Debtors' counsel relating to an analysis of final orders for First Day Motions; (16) performed work regarding a witness and exhibit list; (17) reviewed and analyzed issues regarding settlement alternatives; (18) prepared for and attended a Second Day hearing on March 27, 2025; (19) performed work regarding negotiations; (20) reviewed and analyzed due diligence and investigation issues; (21) reviewed and analyzed issues regarding a deposition notice; (22) drafted discovery requests to the Debtors and Manufacturers & Traders Trust Company ("M&T"); (23) reviewed and analyzed corporate documents and potential conflicts of interest relating to the Debtors and their counsel; (24) prepared for and attended meet and confers with the Debtors' and M&T's counsel regarding discovery requests; (25) reviewed and analyzed issues regarding the Debtors' document production and regarding a proposed protective order; (26) performed work regarding objections related to Plan issues, and wage and sale motions; (27) performed work regarding deposition outlines; (28) reviewed and analyzed documents

produced by DLA Piper and M&T; (29) reviewed and analyzed the Debtors' omnibus response regarding sale and Plan objections; (30) reviewed and analyzed hearing witness and exhibit issues; (31) prepared for and attended the deposition of the Debtors' Section 30(b)(6) witness on April 9, 2025; (32) reviewed and analyzed potential settlement issues and performed work regarding negotiations; (33) performed work regarding witness outlines; (34) prepared for and attended a deposition on April 11, 2025; (35) prepared for and attended a hearing on April 11, 2025; (36) reviewed and analyzed issues regarding the Devens customer settlement motion; (37) reviewed and analyzed issues regarding the Editas settlement; (38) prepared for and attended a hearing on April 22, 2025; (39) performed work regarding a notice of service of discovery; (40) reviewed and analyzed the Debtors' responses regarding hearing witnesses; (41) performed work regarding an amended deposition notice to the Debtors; (42) performed work regarding hearing and cross examination outlines; (43) prepared for and attended a hearing on May 19, 2025; (44) reviewed and analyzed settlement offer issues; (45) reviewed and analyzed issues regarding a motion to change caption; (46) reviewed and analyzed M&T settlement issues; (47) reviewed and analyzed a settlement proposal from the Debtors; (48) reviewed and analyzed issues regarding a term sheet; (49) performed work regarding the Committee-M&T stipulation; (50) reviewed and analyzed issues regarding Committee proceeds; (51) reviewed and analyzed carve-out issues; (52) performed work regarding revisions to the Committee-M&T stipulation; (53) performed work regarding a settlement term sheet; (54) performed work regarding a notice of hearing relating to the Committee-M&T stipulation; (55) reviewed and analyzed the Debtors' reservation of rights regarding the Committee-M&T

stipulation; (56) performed work regarding an order on the Committee-M&T stipulation; and (57) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $465,796.50;   Hours: 312.00

**C.      Case Administration**

21.      This category relates to work regarding administration of this case. During the Fee Period, the Firm, among other things, maintained a memorandum of critical dates and maintained document control.

Fees: $30,055.00;   Hours: 53.60

**D.      Claims Administration and Objections**

22.      This category relates to work regarding claims administration and claims objections.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed a bar date motion and order; (2) reviewed and analyzed transcripts regarding bar date issues; (3) performed work regarding a limited objection to the bar date motion; (4) responded to creditor inquiries; and (5) corresponded regarding claim issues.

Fees: $8,020.00;   Hours: 6.40

**E.      PSZJ Compensation**

23.      This category relates to issues regarding compensation of the Firm. During the Fee Period, the Firm, among other things, performed preliminary work regarding the Firm's final fee application.

Fees: $1,237.50;   Hours: 1.10

**F.**     **Other Professional Compensation**

24.     This category relates to issues regarding compensation of professionals other than the Firm.   During the Fee Period, the Firm, among other things, reviewed and analyzed issues financial advisor fee application issues, and corresponded regarding compensation issues.

Fees:  $1,002.50;      Hours:  0.90

**G.**     **Employee Benefit/Pension and KEIP/KERP**

25.     This category relates to work regarding employee benefits and pension plans, Key Employee Incentive and Retention Plans, and other employee issues.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding a wage motion and order; (2) performed work regarding an objection to the wage motion; (3) reviewed and analyzed the Debtors' response regarding open wage issues; (4) performed work regarding information requests to the Debtors regarding a potential objection to the wage motion; and (5) corresponded regarding employee issues.

Fees:  $27,300.00;      Hours:  20.20

**H.**     **Contract and Lease Matters**

26.     This category relates to work regarding executory contracts and unexpired leases of real property.  During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding customer contracts; (2) reviewed and analyzed a list of proposed contracts to be assumed; (3) reviewed and analyzed issues regarding supplemental cure notices; (4) reviewed and analyzed lease rejection issues; (5) performed research; (6) reviewed and

analyzed issues regarding the COD cure notice; and (7) corresponded and conferred regarding lease and contract issues.

Fees:  $12,165.00;      Hours:  8.80

**I.**     **Financial Filings**

27.     This category relates to issues regarding compliance with reporting requirements.   During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding Schedules and Statements, and regarding a Section 341 meeting of creditors.

Fees:  $5,352.50;      Hours:  4.00

**J.**     **Financing/Cash Collateral/Cash Management**

28.     This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral.   During the Fee Period, the Firm, among other things: (1) reviewed and analyzed issues regarding credit agreements and an interim DIP financing order; (2) attended to scheduling issues; (3) performed work regarding a list of DIP financing issues; (4) reviewed and analyzed issues regarding a cash management motion and order; (5) reviewed and analyzed issues regarding a landlord DIP financing objection; (6) performed work regarding a DIP financing objection; (7) reviewed and analyzed prepetition loan and security documents; (8) performed work regarding UCC lien searches; (9) reviewed and analyzed budget issues; (10) reviewed and analyzed issues regarding corporate entities and corporate structure; (11) attended to timing issues; (12) reviewed and analyzed post-petition lien issues; (13) reviewed and analyzed UCC search results; (14) performed work regarding a lien perfection memorandum; (15) reviewed and analyzed Section 552 issues; (16) performed work

regarding a consulting contracts collateral analysis; (17) reviewed and analyzed an interim cash management order; (18) reviewed and analyzed issues regarding an interim DIP financing amendment; (19) reviewed and analyzed the M&T loan and security agreement, and the scope of its security interest; (20) reviewed and analyzed settlement options; (21) performed work regarding notices of deposition of M&T and the Debtors and first requests for production of documents regarding DIP financing issues; (22) reviewed and analyzed issues regarding post-confirmation acquired property and future earnings; (23) reviewed and analyzed the objection to DIP financing and cross over issues relating to the Plan treatment of secured claims; (24) reviewed and analyzed the Debtors' document production relating to DIP financing; (25) reviewed and analyzed the Debtors' and M&T's discovery responses; (26) reviewed and analyzed the Debtors' reply in support of the DIP financing motion; (27) reviewed and analyzed the M&T reply in support of the DIP financing motion; (28) prepared for and defended the deposition of B. Wicker regarding DIP financing issues; (29) prepared for and attended a final DIP financing hearing on April 11, 2025; (30) reviewed and analyzed a revised final DIP financing order; (31) reviewed and analyzed issues regarding the Committee funding stipulation; and (32) corresponded and conferred regarding financing issues.

Fees:  $129,486.00;   Hours:  80.60

**K.**      **General Business Advice**

29.     This category relates to general business advice issues.   During the Fee Period, the Firm, among other things, reviewed and analyzed LLC issues and issues regarding equity approval rights.

Fees:  $2,145.00;      Hours:  1.10

**L.** **General Creditors' Committee**

30.     This category relates to general creditors' committee issues.   During the Fee Period, the Firm, among other things:  (1) performed work regarding Committee bylaws and a contact list; (2) prepared for and attended Committee meetings; (3) reviewed and analyzed Section 522 issue; (4) reviewed and analyzed bar date issues; (5) reviewed and analyzed issues regarding negotiations; (6) performed research; (7) attended to scheduling issues; and (8) corresponded and conferred regarding general Committee issues.

Fees:  $51,370.00;     Hours:  34.40

**M.** **Insurance Coverage**

31.     This category relates to insurance coverage issues.   During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding an insurance motion and proposed order.

Fees:  $1,215.00;     Hours:  0.90

**N.** **Meetings of and Communications with Creditors**

32.     This category relates to issues regarding meetings of and communications with creditors.   During the Fee Period, the Firm, among other things, prepared for and attended a Section 341 meeting of creditors on April 7, 2025.

Fees:  $662.50;        Hours:  0.50

O.      **Operations**

33.      This category relates to issues regarding operations.   During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding a utility motion and proposed order.

Fees:  $810.00;      Hours:  0.60

P.      **Plan and Disclosure Statement**

34.      This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement.   During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed a Disclosure Statement motion and order; (2) performed work regarding Disclosure Statement and Plan objections; (3) performed research; (4) reviewed and analyzed issues regarding a solicitation procedures motion; (5) reviewed and analyzed Plan and Disclosure Statement issues; (6) reviewed and analyzed strategy issues; (7) reviewed and analyzed release issues; (8) reviewed and analyzed negotiations issues; (9) reviewed and analyzed the Debtors' responses regarding Plan issues; (10) reviewed and analyzed opt out issues; (11) reviewed and analyzed a revised solicitation order; (12) performed work regarding a Committee letter relating to Plan and Disclosure Statement solicitation issues; (13) reviewed and analyzed issues regarding unencumbered assets; (14) reviewed and analyzed Plan-related general unsecured creditor recovery and trust issues; (15) reviewed and analyzed the Debtors' response to Plan and Disclosure Statement objections; (16) reviewed and analyzed changes to a revised Plan and Disclosure Statement, solicitation procedures and post-confirmation structure; (17) reviewed and analyzed Plan implementation issues; (18) reviewed and analyzed issues regarding release

objections; (19) reviewed and analyzed settlement issues; (20) reviewed and analyzed potential

Plan discovery issues; (21) reviewed and analyzed hearing transcripts and performed work

regarding a list of confirmation issues; (22) reviewed and analyzed issues regarding required

consideration relating to releases; (23) performed work regarding a summary of outstanding

issues regarding Plan modification and confirmation objections; (24) reviewed and analyzed

issues regarding a Plan Supplement; (25) reviewed and analyzed issues regarding post

confirmation appointment relating to successor administrator; (26) reviewed and analyzed issues

regarding potential discovery requests relating to Plan releases and causes of action;

(27) reviewed and analyzed potential Plan release objections; (28) performed work regarding an

objection to Plan confirmation; (29) reviewed and analyzed issues regarding insider

compensation; (30) reviewed and analyzed issues regarding discovery propounded on the

Committee; (31) reviewed and analyzed an amended Plan and Disclosure Statement;

(32) performed work regarding responses and objections to Debtors' discovery, drafted

document requests and a deposition notice to the Debtors regarding Plan issues, and prepared for

and attended the deposition of B. Jones regarding Plan issues; (33) performed work regarding a

Plan administrator agreement; (34) reviewed and analyzed the United States Trustee's Plan

objection; (35) reviewed and analyzed a voting and ballot tabulation; (36) reviewed and analyzed

issues regarding a voting declaration and unliquidated claims; (37) reviewed and analyzed

settlement options; (38) reviewed and analyzed a confirmation brief and voting report;

(39) reviewed and analyzed issues regarding the scope of releases under a plan; (40) reviewed

and analyzed a revised confirmation order, amended voting declaration, and issues regarding

class 4 votes; (41) prepared for and attended a confirmation hearing on May 19, 2025;

(42) reviewed and analyzed issues regarding the Knight Note; (43) prepared for and attended a

continued confirmation hearing on May 5, 2025; (44) reviewed and analyzed the Plan

Supplement regarding retained causes of action; (45) reviewed and analyzed a settlement

proposal and Plan revision issues relating to new structure proposals; (46) performed work

regarding a Plan settlement term sheet; (47) reviewed and analyzed a revised settlement term

sheet from the Debtors; (48) performed work regarding a confirmation order; (49) reviewed and

analyzed M&T's proposed revisions to the confirmation order; (50) reviewed and analyzed the

confirmation order and Plan regarding proposed Plan modifications; (51) performed work

regarding confirmation order revisions; (52) reviewed and analyzed confirmation order revisions

from the Debtors; (53) reviewed and analyzed a supplemental Debtor declaration and revised

confirmation order; and (54) conferred and corresponded regarding Plan and Disclosure

Statement issues.

Fees:  $580,633.00;    Hours:  358.90

**Q.    Plan Implementation**

35.    This category relates to Plan implementation issues.  During the Fee

Period, the Firm, among other things, reviewed and analyzed issues regarding post-confirmation

tasks, and conferred and corresponded regarding Effective Date issues.

Fees:  $7,802.50;      Hours:  4.70

**R.      PSZJ Retention**

36.     This category relates to issues regarding retention of the Firm.   During the Fee Period, the Firm, among other things:  (1) performed work regarding the Firm's retention application and order; (2) reviewed and resolved issues regarding United States Trustee comments relating to the Firm's retention; (3) performed work regarding a revised supplemental declaration in support of the Firm's retention; and (4) corresponded regarding retention issues.

Fees:  $7,855.00;      Hours:  8.50

**S.      Other Professional Retention**

37.     This category relates to issues regarding the retention of professionals, other than the Firm.   During the Fee Period, the Firm, among other things:  (1) prepared for and attended interviews with potential Committee financial advisors; (2) reviewed and analyzed the BGL retention pleadings and a related United States Trustee objection; (3) reviewed and analyzed the DLA retention motion; (4) reviewed and analyzed issues regarding the Ankura retention; (5) reviewed and analyzed issues regarding potential conflicts of interest; (6) reviewed and analyzed a draft Ordinary Course Professionals motion; (7) performed work regarding the Huron retention application, including work regarding a revised proposed retention order; (8) performed work regarding resolution of the Debtors' and United States Trustee's concerns regarding the Huron retention; and (9) conferred and corresponded regarding retention issues.

Fees:  $49,440.50;      Hours:  41.90

**T.**      **Stay Litigation**

38.      This category relates to issues regarding the automatic stay and relief from stay motions.  During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding relief from stay motions, and corresponded regarding stay litigation issues.

Fees:  $725.00;      Hours:  0.40

**U.**      **Tax Issues**

39.      This category relates to work regarding tax issues.  During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding a tax motion and proposed order.

Fees:  $1,080.00;      Hours:  0.80

**V.**      **Travel**

40.      During the Fee Period, the Firm, incurred non-working time while traveling on case matters.  Such time is billed at one-half the normal rate.

Fees:  $11,212.50;      Hours:  13.00

## VALUATION OF SERVICES

41.      Attorneys and paraprofessionals of PSZ&J expended a total 1,136.60 hours in connection with their representation of the Committee during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,950.00 | 1.10 | $ 2,145.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,725.00 | 144.20 | $248,745.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $1,875.00 | 10.00 | $ 18,750.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,525.00 | 141.00 | $215,025.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,075.00 | 192.90 | $400,267.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,725.00<br>$ 862.50 | 121.50<br>13.00 | $209,587.50<br>$ 11,212.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,350.00 | 56.90 | $ 76,815.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $1,325.00 | 99.60 | $131,970.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,425.00 | 37.30 | $ 53,152.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,295.00 | 115.70 | $149,831.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,850.00 | 22.60 | $ 41,810.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $1,125.00 | 1.10 | $ 1,237.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 875.00 | 58.80 | $ 51,450.00 |
| Cheryl A. Knotts | Paralegal | $ 575.00 | 4.40 | $ 2,530.00 |
| Karina K. Yee | Paralegal | $ 625.00 | 2.40 | $ 1,500.00 |
| Melissa N. Flores | Paralegal | $ 625.00 | 45.10 | $ 28,187.50 |
| Patricia E. Cuniff | Paralegal | $ 625.00 | 0.40 | $ 250.00 |
| Patricia J. Jeffries | Paralegal | $ 650.00 | 4.60 | $ 2,990.00 |
| Leslie A. Forrester | Library | $ 675.00 | 8.60 | $ 5,805.00 |
| Andrea R. Paul | Case Management Assistant | $ 495.00 | 0.60 | $ 297.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant | $  495.00 | 3.90 | $    1,930.50 |
| Gary L. Arnold | Case Management Assistant | $  495.00 | 50.90 | $  25,195.50 |

**Grand Total:  $1,680,684.50**
**Total Hours:       1,136.60**
**Blended Rate:      $1,478.69**

42.    The nature of work performed by these persons is fully set forth in Exhibit F attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Fee Period is $1,680,684.50.

## STATEMENT FROM PSZJ

43.    Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |  | No |  |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? |  | N/A |  |

| | | |
|---|---|---|
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. | | No |
| If the fee application includes any rate increases since retention in these Cases:<br>　i.　Did your client review and approve those rate increases in advance?<br>　ii.　Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | N/A |

44.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such

Rule.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of March 19, 2025 through October 21, 2025, a final allowance be made to PSZ&J in the sum of $1,680,684.50 as compensation for reasonable and necessary professional services rendered to the Committee and in the sum of $16,914.59 for reimbursement of actual and necessary costs and expenses incurred, for a total of $1,697,599.09; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; that to the extent PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J may file a supplemental fee application(s) and submit a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application; and for such other and further relief as this Court deems proper.

Dated:  November 18, 2025          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (admitted *pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors

## DECLARATION

STATE OF DELAWARE     :
                          :

COUNTY OF NEW CASTLE  :

        Laura Davis Jones, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

                        */s/ Laura Davis Jones*_____
                        Laura Davis Jones